SAM DeMARCO, PETITIONER-RESPONDENT, v. F. H. Mc-GRAW COMPANY, RESPONDENT-PROSECUTOR.

Submitted January 27, 1934—Decided May 19, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

For the respondent, *Frank J. V. Gimino.*

PER CURIAM.

This writ of *certiorari* brings up for review a judgment entered in the Hudson County Court of Common Pleas on October 17th, 1933, in favor of the petitioner and against the employer for workmen's compensation.

On July 16th, 1930, Sam DeMarco filed his petition in the workmen's compensation bureau, claiming compensation for temporary and permanent disability as the result of an accident alleged to have arisen out of and in the course of his employment by F. H. McGraw Company on October 7th, 1929.

The employer by answer admitted that the petitioner was injured in the accident in question and that it arose out of and in the course of his employment, but denied that there was any permanent disability as a result of the accident or that the workman was entitled to any compensation other than temporary which had been paid.

At the hearing before the compensation bureau, the referee found in favor of the workman and against the employer and judgment was entered on December 19th, 1931, giving the petitioner temporary disability for thirty-three weeks at $20 per week and permanent disability of thirty-seven and one-half per cent. of total. Although the referee found the permanent disability to be thirty-seven and one-half per cent. of total the actual award was only twenty-five per cent. of total because the petitioner had previously been injured in another accident while employed by another company and the bureau had previously awarded him twelve and one-half per cent. of total in a proceeding against that employer.

No appeal was taken from that determination and judgment by either party and the employer paid it in full in weekly payments as provided in the order.

On November 8th, 1932, after payment in full of the judgment of December 19th, 1931, the workman filed another petition with the workmen's compensation bureau to secure an award for increased disability.

The employer filed an answer alleging payment in full of the judgment of December 19th, 1931, and denying that the workman's disability had increased since the prior award.

Proceedings on this second petition came on for hearing before the referee and the only testimony taken was that of witnesses produced by the workman. No witnesses were called by the respondent because the employer moved for a nonsuit at the end of the petitioner's case, which motion was granted and the petition dismissed on the ground that the petitioner had failed to prove he was suffering from an increased disability over that awarded on December 19th, 1931.

The petitioner thereupon appealed from this last mentioned order and determination to the Hudson County Court of Common Pleas upon the record of that second proceeding before the compensation bureau.

That court reserved decision upon the arguments of counsel and thereafter found in favor of the petitioner, and awarded an additional disability for the loss of one eye and an additional ten per cent. of total for a neurotic condition.

of the eye amounting in all to one hundred and fifty weeks at $20 per week additional compensation or a total of $3,000. That judgment entered in the Court of Common Pleas was based solely upon the petitioner's testimony. The employer has never been permitted to offer its evidence.

The employer now, among other things, insists that the question before the Court of Common Pleas on appeal was the propriety of the referee's order of nonsuit and that the court could not properly reverse the referee and enter judgment in favor of the petitioner without remanding the case to the workmen's compensation bureau to enable the respond-has never been permitted to offer its evidence.

We are impressed with that contention.

Of course in the proceeding before the referee the burden of proof was upon the petitioner to establish the fact that the disability had increased. At the close of the petitioner's case the employer made its motion for a nonsuit which the referee granted, after reserving decision, and so no evidence had been introduced by the employer. Therefore, when the record went to the Court of Common Pleas there was nothing but the petitioner's testimony for the court to consider. When that court determined the referee erred in granting the motion for a nonsuit, it should have remitted the cause to the workmen's compensation bureau for further proceedings according to law after hearing the testimony of both parties.

Our Court of Errors and Appeals has carefully considered that question in *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159; 127 *Atl. Rep.* 169, a somewhat similar case. In that case the petitioner was employed by the respondent railroad company and filed a petition for compensation. A hearing was held and at the close of the petitioner's case the respondent railroad company moved to dismiss the petition on the ground that the petitioner was not engaged in intrastate commerce. Decision was reserved. The commissioner later decided that the petitioner was not engaged in intrastate commerce. Jayson appealed to the Essex County Court of Common Pleas. That court reversed the referee and then proceeded to determine the compensation to which it thought

the petitioner was entitled instead of sending the case back to the compensation bureau. No opportunity was afforded the respondent to be heard upon the merits of the controversy. The court held, page 161:

"We feel, however, that the course of procedure taken by the Court of Common Pleas and affirmed by the Supreme Court in determining in the state of the record before the Court of Common Pleas the compensation, both temporary and permanent, to which Jayson was entitled, was erroneous. Under the circumstances of the case it should, in our opinion, have been sent back to the workmen's compensation bureau to have had the compensation of the respondent determined, with leave to the parties to take testimony with reference thereto * * *. In the present case there was no opportunity afforded the railroad company before the compensation bureau to submit testimony upon the merits of the controversy. The Court of Common Pleas, after reversing the compensation bureau upon the question of jurisdiction, did not afford the railroad company an opportunity to submit testimony upon the merits of the controversy."

Referring in its opinion to the statutory procedure provided for appeal, chapter 229 of the laws of 1921, which provisions, substantially the same, was re-enacted in chapter 25, laws of 1932, the court states:

"We think the proper construction to be placed upon this section of the act is that it gives the Court of Common Pleas authority to determine the merits of the controversy in those cases where the compensation bureau has heard testimony upon the merits, and decided the case upon the merits. It would be a denial of justice, at least, if not of due process of law, to permit under the circumstances of the present case the foreclosure of the appellant from submitting testimony upon the merits of the controversy."

Likewise in the instant case the judgment of the Common Pleas Court is reversed and the case remitted to the workmen's compensation bureau for determination upon the merits, affording both sides an opportunity to offer evidence.

No costs will be allowed in this court.