NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MATTHEW NAPOLEON, PETITIONER, v. JERSEY CITY
COAL AND ICE COMPANY, RESPONDENT.

Decided December 3, 1935.

For the petitioner, *Levitan & Levitan.*

For the respondent, *Wall, Haight, Carey & Hartpence.*

\*     \*     \*     \*     \*     \*     \*

I do find and determine from the evidence taken in this cause as follows:

1. That the petitioner was on the 24th day of March, 1928, in the employ of the respondent in the capacity of coal carrier.

2. That at the time of the injury the said Matthew Napoleon received as wages in said employment, the sum of thirty-eight ($38) dollars per week.

3. That on the 24th day of March, 1928, the said Matthew Napoleon, while in the course of his employment, and engaged in the work of carrying coal for respondent, injured his left foot on a nail which caused serious infection of the left foot, which subsequently developed into osteomyelitis affecting the last metatereal of the left root.

4. That the respondent herein had knowledge of said accident, and has had proper notice of the same.

5. That respondent did not deny said accident and under date of March 28th, 1930, stipulation and judgment was

signed allowing petitioner temporary compensation from March 24th, 1928, the date of the accident, to March 3d, 1930, and a permanency of thirty-three and one-third per cent. of the left foot or forty-three and three-fourths weeks compensation at the rate of $17 per week.

6. That subsequently petitioner filed a formal petition alleging further temporary disability and increased permanency as well as an injury to the right leg.

7. That respondent again settled with the petitioner allowing him permanent compensation based upon twelve and one-half total or sixty-two and one-half weeks at $17 per week. This was to cover temporary and permanent disability alleged and at that time it was agreed that there was no disability to the right leg as the result of the accident. This order was signed July 19th, 1932, and the respondent argues that same was a complete and final closeout.

8. That on May 27th, 1933, petitioner again filed a petition alleging an increased disability. No claim was made for temporary disability. Under date of September 13th, 1933, the attorney for the petitioner discontinued the action on petition for increased disability.

9. That on January 17th, 1935, a petition was again filed by petitioner for permanent injury to the left and right leg.

10. That this petition was filed within two years of the last payment of compensation, the last payment being made April 29th, 1933.

11. That respondent in its answer contends that the settlement of July 19th, 1932, was a full and final closeout, that the workmen's compensation bureau has no jurisdiction and the statute of limitation applies.

12. That on May 23d, 1935, respondent moved for dismissal of petition on the above grounds, which motion was denied for reasons hereinafter stated. Respondent subsequently moved for dismissal on July 25th, 1935, and again on October 22d, 1935.

13. That the motion of the respondent for dismissal on the ground of the statute of limitations was denied under the authority of the cases of *Hahne* v. *McLaughlin*, 12 *N. J.*

*Mis. R.* 6; 169 *Atl. Rep.* 542, and *Ecken* v. *O'Brien,* 115 *N. J. L.* 33; 178 *Atl. Rep.* 373.

13a. That under the cases of *Federal Leather Co.* v. *DeRensis,* 113 *N. J. L.* 235; 174 *Atl. Rep.* 163, and *Anderson* v. *Public Service,* 114 *N. J. L.* 515; 177 *Atl. Rep.* 865, referred to in the case of *Ecken* v. *O'Brien, supra,* before a case can be held to be a full and final closeout, testimony must be taken on the merits of the case. This case further holds that if the order has the elements of a final award and judgment, it is reviewable under paragraph 21(f) of the act upon the grounds of increased disability.

14. That from the testimony of the petitioner and his doctors it would appear that the condition had healed but subsequently broke down and petitioner has needed treatment off and on since the date of the accident. In the testimony taken at the hearing of July 7th, 1932, it was found that Dr. Saul Kleinberg, who treated petitioner, testified for respondent, and stated that he first examined petitioner in January, 1929, found an osteomyelitis of the left foot, between that time and the latter part of 1930, operated upon him three times and discharged him in January, 1932, healed. Six other doctors testified for both petitioner and respondent, and testified that the condition they found as of July 7th, 1932, was stationary and temporary disability had ended previous to that date. There is the testimony taken in connection with the last petition, the testimony of Dr. Rector who stated that when he examined petitioner on June 24th, 1935, he was under temporary disability and further that petitioner's foot should be amputated. Dr. Morris Feldman also testified for petitioner and stated he first treated petitioner on July 16th, 1934, and continued until September 13th, 1934, when he discharged him, the wound being healed. Dr. Feldman subsequently testified that he examined petitioner on October 3d, 1935, and petitioner was in need of further treatment and could not work at that time.

15. That respondent offered no medical testimony and rested, pressing its motion for dismissal on the grounds heretofore stated.

16. Section 11, paragraph A reads in part that temporary disability produced by injury shall be paid during the period of such disability but not exceeding three hundred weeks. In *Creagh* v. *The Nitram Co.*, 84 *N. J. L.* 243; 86 *Atl. Rep.* 435, the Essex Common Pleas considered temporary disability as extending to such time as the injured employe is sufficiently recovered from the effects of the injury to enable him to resume work. *Vishney* v. *Empire Steel and Iron Co.*, 87 *N. J. L.* 481; 95 *Atl. Rep.* 143; *Kelley* v. *The Seltzer Bennett Co.*, 38 *N. J. L. J.* 336; *McManus* v. *Barbour Flax Spinning Co.*, 40 *Id.* 118, and *International Motor Co.* v. *Purcell*, 91 *N. J. L.* 707; 103 *Atl. Rep.* 860, all hold the same view as that expressed in *Creagh* v. *Nitram*, 35 *N. J. L.* 328.

17. That from the testimony of petitioner's doctors, petitioner is entitled and allowed temporary disability compensation from July 16th, 1934, to September 13th, 1934, the period he was treated by Dr. Feldman, and that from January 17th, 1935, the date of filing his petition to date, and continue until such time as permanent disability can be determined. The respondent is to furnish necessary medical attention as provided in section 14 of the act, and medical allowances for court appearances by doctors as follows:

Dr. Rector—$25 payable by respondent.

Dr. Feldman—$25 payable by respondent.

Medical bills for treatment:

Dr. Feldman—$120 payable by respondent.

Medical Center—$317.50 payable by respondent.

Dr. Haver—X-rays, $10, payable by petitioner.

18. That while there is a question of whether or not petitioner received authorization as provided under the act in this instance, there is no question that such treatment was needed, and that the respondent's interest were not in any way prejudiced by the same, and that therefore the same should be paid by the respondent.

It is, therefore, on this 3d day of December, 1935, * * * ordered that the respondent herein, pay or cause to be paid to the said petitioner the sum of $17 per week as temporary

disability compensation for a period from the 16th day of July, 1934, to September 13th, 1934, and from January 17th, 1935, to date, and to continue until the permanent disability can be determined, together with the taxed costs of this proceeding.

\*     \*     \*     \*     \*     \*     \*

<div align="right">

JOHN C. WEGNER,
*Deputy Commissioner.*