SAM DeMARCO, PETITIONER-RESPONDENT, v. F. H. McGRAW COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 11, 1935—Decided December 5, 1935.

Before Justices CASE and BODINE.

For the respondent-prosecutor, *McDermott, Enright & Carpenter* (*Carl S. Kuebler*).

For the petitioner-respondent, *Frank J. V. Gimino*.

PER CURIAM.

Sam DeMarco instituted proceedings for the recovery of compensation by reason of an accident arising out of and in the course of his employment by the prosecutor. He recovered a judgment for temporary and permanent disability December 19th, 1931. This judgment was paid in full. Thereafter on November 8th, 1932, he filed a petition to recover compensation for increased disability. The bureau did not pass upon the question whether it had jurisdiction to hear the petition, but held upon the petitioner's proofs alone that he had not made out a *prima facie* case. The Court of Common Pleas reversed the finding and respondent sued out a writ of *certiorari* to this court. The Supreme Court in *DeMarco* v. *F. H. McGraw Co.*, 12 *N. J. Mis. R.* 496; 172 *Atl. Rep.* 798, reversed the pleas only to the end that the case might be remanded to the bureau for the respondent's proof. Thereafter the bureau found that upon the proofs adduced the petitioner was not entitled to compensation for increased disability. This finding the pleas reversed. The present writ was, therefore, sued out.

It becomes necessary for us to determine only one question, and that is whether the proofs do show an increase of disability after the adjudication of December 19th, 1931. Dr. Christopher C. Beling, a physician who had examined DeMarco before the first award, testified that his disability had not increased at the time of the proceeding for an increase of compensation. He was called by the petitioner. He is a practitioner of standing and repute. He had made a very careful examination in the first place, and his conclusions are entitled to great respect since they appear to have been the result of careful study and painstaking analysis of both the subjective and objective symptoms. The family, a friend or two, and a druggist to whom the petitioner owed money, tes-

tified to the development of epileptic seizures since the award. Testimony indicates that the man was a malingerer, and it is significant that he would not submit to institutional observation.

Dr. J. Wallace Herff, who had examined the man several times and before the first hearing, testified that there was no increase of disability between the time of the award and the hearing of the application for an increase of compensation due to an increase in disability. Other medical testimony tended to establish the same fact. By the clear weight of credible evidence no increased disability was shown. It may be that the bureau award in the first instance was too low, but if, upon the proofs, such were the case the remedy was by appeal and not by petition for the recovery of increased compensation by reason of increased disability, which was not shown. The other points raised need not now be passed upon.

The judgment of the Court of Common Pleas is reversed.