BURLINGTON COUNTY COURT OF COMMON PLEAS.

LUIGI CIRILLO, PETITIONER-APPELLEE, v. UNITED ENGI-
NEERS AND CONSTRUCTORS, INCORPORATED, RE-
SPONDENT-APPELLANT.

Decided June 19, 1936.

For the petitioner-appellee, *Vincent A. deBennedetto.*

For the respondent-appellant, *Henry H. Fryling* (*Elmer W. Romine,* of counsel).

HENDRICKSON, C. P. J. On November 12th, 1931, Luigi Cirillo was injured by an accident while in the employ of the United Engineers and Constructors, Incorporated. Under date of November 8th, 1933, William E. Stubbs, deputy commissioner of compensation, awarded compensation to the petitioner on the basis of fifteen per cent. total disability. This judgment was paid in full. On February 5th, 1935, petitioner filed a petition to reopen his case on the ground of an increase in disability since September 21st, 1933, the date of the first hearing. On January 17th, 1936, testimony was taken before William E. Stubbs, deputy commissioner, on the petition for additional compensation arising out of increased disability. On March 11th, 1936, William E. Stubbs, deputy commissioner, awarded compensation to petitioner on a finding that there had been a fifteen per cent. increase in petitioner's total disability.

It becomes necessary for me to decide only one question and that is whether the proofs show an increase of disability since the former award.

In arriving at my conclusions, I have taken the liberty to read the testimony taken in the first hearing, as well as the testimony taken in the second hearing. The testimony is very similar in both cases. The doctors for the petitioner in the first hearing testified that he was suffering from at least seventy per cent. total disability. The doctors for the petitioner in the second hearing testified that he is suffering from anywhere from seventy-five per cent. to one hundred per cent. total disability.

The doctors for the respondent in the first hearing testified that petitioner had no disability. In the second hearing some testified that he had no disability and two, I think, who had testified in the first trial, testified that he might have five per cent. or ten per cent. disability at this time.

On the basis of the testimony of these two doctors, who now testify that petitioner is suffering from a five per cent. to a ten per cent. disability while in the first hearing they testified that petitioner had no disability, the commissioner concludes that in view of this testimony, petitioner's disability has increased beyond the award in the first instance and grants him additional fifteen per cent. total disability.

The petitioner at the second hearing does not produce any doctors to testify definitely of an increased disability since the first award. He simply produces doctors to testify as to the total amount of disability of the petitioner at the present time. I fail to find any testimony on the part of the petitioner upon which the commissioner could base his fifteen per cent. additional award.

I do not feel that the testimony of respondent's doctors is sufficient to grant a new award of fifteen per cent. simply because they now testify that petitioner may have a five per cent. or a ten per cent. disability. It seems to me that this testimony is still within the fifteen per cent. first award as taken against the respondent. It would seem to me that if this testimony were taken as a basis for an additional award, as it apparently was by the commissioner, the most he could have granted would have been five per cent. or ten per cent. In other words, it seems to me that from the testimony it

would have been necessary for the commissioner to have found an increased disability of five per cent. or ten per cent; or the difference between fifteen per cent., the amount of the first award, and the amount testified to by petitioner's doctors. The award surely must be based on the evidence and not be an amount that the commissioner might personally feel that petitioner was entitled to.

I do not feel that the evidence warrants the granting of any additional compensation.

I am also satisfied that this case comes within the rule laid down in the case of *De Marco* v. *F. H. McGraw Co.*, 13 *N. J. Mis. R.* 856; 181 *Atl. Rep.* 639, wherein the court said: "By the clear weight of credible evidence no increased disability was shown. It may be that the bureau award in the first instance was too low, but if, upon the proof, such were the case, the remedy was by appeal and not by petition for the recovery of increased compensation, by reason of increased disability, which was not shown."

In this case on the first petition and hearing, the petitioner asked for seventy per cent. disability and produced testimony of doctors to prove disability in that amount. The commissioner awarded fifteen per cent. There was no testimony upon which to base an award of that amount, it being merely the commissioner's own personal idea as to the amount to which petitioner was entitled. If petitioner was not satisfied with the award, he should have taken an appeal. The petitioner now produces practically the same testimony and requests an additional award. He is not entitled to it.

The judgment of the compensation bureau is therefore reversed, and the compensation to the petitioner is denied.