LUIGI CIRILLO, PROSECUTOR, v. UNITED ENGINEERS AND
CONSTRUCTORS, INCORPORATED, DEFENDANT.

Argued January 19, 1938—Decided April 26, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Vincent A. deBenedetto* (*George Pellettieri,* of counsel).

For the defendant, *Henry H. Fryling* (*Elmer W. Romine,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The sole controversy here is whether prosecutor has sustained the burden of proof of an increase of disa-

bility entitling him to additional compensation under the Workmen's Compensation Act of 1911, as amended. *Pamph. L.* 1911, *pp.* 134, 763; *Rev. Stat.* 1937, 34:15-1, *et seq.*

Prosecutor indisputably suffered a compensable injury on November 12th, 1931. The defendant employer voluntarily made compensation under the statute for temporary disability, and for permanent incapacity on the basis of five per cent. of total. Thereafter, on November 8th, 1933, the compensation bureau, in a litigated proceeding, determined that, in consequence of an accident arising out of and in the course of his employment, prosecutor sustained "an injury to his spine," which, through the aggravation of a pre-existing spinal arthritis, produced a permanent disability to the extent of fifteen per cent. of total, and awarded additional compensation accordingly. This judgment was affirmed in the Burlington Pleas, and was thereafter satisfied.

On a petition filed under section 21(f) of the Compensation Act, as amended by chapter 279 of the laws of 1931 (*Pamph. L.* 1931, *p.* 704; *Rev. Stat.* 1937, 34:15-27), Deputy Commissioner Stubbs, who sat in the original proceeding, found an injury to the fifth lumbar vertebra, "either in the nature of a slipping or a straining of the anchorage of the vertebra on the sacrum," and an increase of disability to the extent of fifteen per cent.—a total incapacity of thirty per cent.—and made an award of additional compensation. The Burlington Pleas reversed the judgment on the ground that the proofs did not establish an after-occurring increase of incapacity. 14 *N. J. Mis. R.* 459.

Comparing the evidence adduced at the hearings held upon these petitions (we express no opinion as to the propriety of this course under the circumstances), the Common Pleas judge found a similarity of testimony which, in his judgment, negatived an increase of incapacity during the intervening period. He pointed out that the single doctor called by prosecutor on the hearing of the first petition expressed the opinion that his permanent disability was seventy per cent. of total, while the several physicians who testified in his behalf in the instant proceeding gave estimates ranging

between seventy-five per cent. and total; and that, on the first hearing, defendant's physicians testified that prosecutor was under no disability, while on the second two conceded he was then suffering incapacity estimated at from five per cent. to ten per cent. of total. The others persisted in the view that there was no disability at all. As to the testimony of defendant's physicians that disability to the extent of five per cent. or ten per cent. of total had set in between the two hearings, the judge ruled that it "is still within the fifteen per cent. first award as taken against the respondent," and therefore does not afford a sufficient basis for a finding of increased incapacity. He concluded—erroneously we find— that, on the evidence thus adduced, it was incumbent upon the commissioner "to have found an increased disability of five per cent. or ten per cent.; or the difference between fifteen per cent., the amount of the first award, and the amount testified to by petitioner's doctors." And he was unable to discover a factual basis for a finding of any increase of incapacity.

Now, the judgment entered on the first petition is *res judicata* of the nature and extent of the then existent disability; and the authority to review and modify for increased or diminished incapacity conferred by section 21(f) of the Compensation Act, *supra,* is addressed not to the correction or revision of errors in law or in fact residing in that adjudication, but to the increase or diminishment of the disability subsequently occurring. *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72; *affirmed,* 118 *Id.* 301. And the burden of proof of an after-occurring increase of incapacity rests upon the employe. But it is reasonably to be presumed that the judgment so rendered measured the existent disability with a fair degree of accuracy. It manifestly rejected the appraisement of seventy per cent. of total given by the employe's physician as it also dismissed the common view expressed by defendant's physicians that there was no disability in fact. And it goes without saying that the expert opinion thus adduced was essentially inconclusive—to be weighed by the trier of the facts, as it apparently was, in the light of the established history and all the facts and circumstances—, and

of no importance if the proofs offered in support of the instant petition establish, as we think they do, the probability of a subsequent increase of disability, and provide a substantial basis for its admeasurement. The argument presented on behalf of defendant proceeds on the erroneous assumption that prosecutor is concluded by the testimony of his medical witness on the hearing of the original petition that his disability was then seventy per cent. of total.

Prosecutor has demonstrated by the clear preponderance of the evidence that he is under a serious permanent disability. His medical witnesses, several in number, concur in the view that he is permanently disabled to the extent of at least eighty per cent. of total. The medical evidence introduced by defendant tends to show that he is a malingerer, but on the whole, considering all the facts and circumstances, it does not, in our judgment, meet the prescribed standard. Compare *Tucker* v. *Frank J. Beltramo, Inc., supra; Atchison* v. *Colgate & Co.,* 3 *N. J. Mis. R.* 451; *affirmed,* 102 *N. J. L.* 425. For a long time prior to the accident sustained by prosecutor, he was in apparent good health and able to perform without interruption or discomfort laborious work that yielded him an income of $44 per week, while he has since been incapable of doing that work.

As to the *quantum* of the disability reasonably attributable to the accidental injury so suffered, we find a substantial basis for the deputy commissioner's conclusion of an increase, subsequent to the judgment, of at least fifteen per cent. of total. The testimony of prosecutor's medical witnesses is the more convincing, especially when considered in relation to the testimony given by two of defendant's medical experts that, at the time of the second hearing, there was incapacity of "five per cent. or ten per cent." of total not found by them at the time of the hearing upon the original petition. It is therefore reasonably inferable that the condition has been progressive. This evidence, coupled with the history and the relevant facts, furnishes a definite factual basis for the measurement of the increase of incapacity. The deputy commissioner had the benefit of personal observation of the prosecu-

tor at the two hearings, separated as they were by a relatively long period of time. The Common Pleas judge did not have this advantage. Compare *Tucker* v. *Frank J. Beltramo, Inc.*, *supra*.

We therefore see no merit in the claim that the deputy commissioner's finding in this regard was arbitrary and lacking in substantial factual basis. Prosecutor does not complain that the award was inadequate; and we are therefore obliged only to determine whether the proofs establish an increase of disability at least to the extent found by the commissioner.

The judgment of the Pleas is therefore reversed, and the judgment of the compensation bureau affirmed, with costs.