New Jersey Department of Labor,
Workmen's Compensation Bureau.

BARNEY BLEEKER, PETITIONER, v. JOHN KUYPER,
RESPONDENT.

Decided January 31, 1941.

For the petitioner, *Nathan Rabinowitz*.

For the respondent, *Francis X. Kenneally*.

This is a proceeding brought by Barney Bleeker, as petitioner, against John Kuyper, as respondent, to review a previous award of compensation under and by virtue of the terms and provisions of *R. S.* 1937, 34:15-1 *et seq.*, "prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder."

\*    \*    \*    \*    \*    \*    \*

The facts in this case are not in dispute and substantially are as follows: The petitioner, Barney Bleeker, was regularly employed by the respondent as a laborer receiving wages at the rate of $30 per week; that he met with an accident on July 23d, 1937, arising out of and in the course of his employment consisting of a wooden brace falling from an upper story and striking him on the head; and that the respondent had immediate knowledge of the mishap. On

July 13th, 1939, the petitioner recovered an award of compensation against the respondent in the following amounts: Compensation for temporary disability nine weeks at $20 per week; compensation for permanent disability seventy-five weeks at $20 per week based upon a finding of fifteen per cent. of total disability.

The sole issue in the present proceeding is confined to the question as to whether there has been an increase in the extent of permanent disability since the last award.

It becomes necessary, therefore, to analyze the medical testimony and to determine whether the proofs establish an increase in the degree of physical impairment ascribable to the original accidental injuries. The respondent produced Drs. Joseph Koppel, Maurice Kleinman and Jack Blumberg, all of whom testified at the original trial and who expressed the opinion that there was no increase of disability at the present time and that the petitioner was not suffering from epilepsy in any form. On the other hand the petitioner produced Drs. Gerald Feigen, Mac W. Bergman and Alvin E. Cortese who testified that in their opinions the petitioner was suffering from traumatic epilepsy, the severity of which had gradually increased since the last trial; the present permanent disability ranging from 60 per cent. to 100 per cent. of the total. It is significant to note, however, that the sole medical expert who had previously examined the petitioner and who testified for him at the first trial and was, therefore, in a position to make a comparative estimate as to the extent of disability was Dr. Cortese. The other two physicians examined the petitioner for the first time shortly before the present trial and consequently were unable to contrast their present findings with the petitioner's disability as it existed at the time of the first award.

Furthermore, it appears that during the course of the first trial it was contended by the petitioner that he was then suffering from epilepsy as a result of the accident; and that Dr. Cortese testified at the said trial in his behalf to the effect that the petitioner was suffering from a condition which he diagnosed as traumatic epilepsy. However, on behalf of the respondent there was an abundance of competent medical tes-

timony to the contrary. The deputy commissioner, as the, sole trier of the facts, accepted the opinions of the respondent's experts as the more credible and determined the issue with respect to the epilepsy claim adversely to the petitioner.

The present application for increased disability seems to be grounded upon a claim of gradual retrogression of epilepsy, the very condition which the deputy commissioner at the former trial ruled, as bearing no causal relation with the admitted accident.

The present case is governed by the doctrine enunciated in *DeMarco* v. *F. H. McGraw Co.* (*Supreme Court*), 13 *N. J. Mis. R.* 856; 181 *Atl. Rep.* 639, holding the proper procedure to be by appeal and not by an application for increaed disability where a claimant is dissatisfied with the amount of the award obtained at the original trial before the bureau. In the *DeMarco* case, the court stated: "It may be that the bureau award in the first instance was too low, but if, upon the proofs, such were the case, the remedy was by appeal and not by petition for the recovery of increased compensation by reason of increased disability, which was not shown."

The petitioner having failed to establish his right to compensation, * * * ordered that the petition herein filed be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner*.