NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH DREXL, PETITIONER, v. CHARLES JURGENSEN, RESPONDENT.

Decided October 31, 1941.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Wilbur A. Stevens (Arthur F. Mead,* of counsel).

\* \* \* \* \* \* \*

The undisputed facts in this case are substantially as follows: The petitioner was regularly employed by the respondent as a laborer; that he received for his said services weekly wages of $20; that on March 25th, 1938, he suffered injuries to his right leg as the result of an accident; that the said accident arose out of and in the course of his employment and consisted of a large rock or boulder slipping and rolling upon petitioner's right leg, while he and a fellow worker were trying to move it from a lot in Wyckoff, New Jersey, prior to the beginning of building operations thereon; and that the respondent had actual knowledge of the injury on the very day of the mishap. Three petitions were filed by the petitioner. The first one, filed on November 3d, 1938, was disposed of by settlement on February 28th, 1939, duly approved by Deputy Commissioner John C. Wegner, by the terms of which the respondent paid the petitioner 27 weeks compensation at $13.33 per week for temporary disability, and in addition thereto 25 weeks compensation at the same rate for partial permanent disability, based upon 20% loss of use of the right foot. The second petition was filed on August 12th, 1939, and was proceeded with by a trial on the merits before Deputy Commissioner Charles E. Corbin, resulting in an award on June 19th, 1940, in favor of the petitioner, to wit: For temporary disability—no additional allowance made. For partial permanent disability—116 2/3 weeks at $13.33 per week, based upon 66 2/3% loss of use of the right leg, less 25 weeks heretofore paid on the former settlement. A claim for a traumatic neurosis was disallowed, the pertinent part of the deputy commissioner's findings being as follows:

"I am not impressed that any neurosis that the petitioner now is suffering with is related to this accident. A neurosis may be that of a depressed, worried nature. Well, I don't feel that under the law because of that characteristic, that that is related to an injury, such as to make an award for a neurosis. I don't feel it is connected up with this injury. I believe the injury is entirely confined to this leg, and under the law, of course, we are confined to find disability as a result of the loss of function and as a result of the disability, because the petitioner may be worried about money affairs. It may

be of a character, as Dr. Blumberg said:—he developed a characteristic as if everyone was against him and life wasn't worth living. I don't think there is a true neurosis which is tied up with the disability, so I believe that in fixing the disability I should confine it to the injured member, which is, namely, the right leg."

No appeal having been taken by the petitioner, although much dissatisfaction over the award was shown by him at the conclusion of the trial, compensation in full was paid by the respondent in accordance with terms of the said award. On October 2d, 1940, less than four months after the adjudication on the merits, a third petition was filed by the petitioner, seeking further allowances of compensation on the ground of increased incapacity.

While the present petition would seem to limit the issue to one question, namely, whether there has been any increase of incapacity since the adjudication of June 19th, 1940, it becomes necessary in rendering a decision in this case to determine a second question, namely, whether there has been any recurring temporary disability since the said adjudication. The burden of proof, of course, rests upon the petitioner.

Upon a petition to establish and obtain amended allowance for an increase or a decrease in disability the burden is upon him who asserts the change. *Pasquale* v. *Clyde Piece Dye Works,* 120 *N. J. L.* 557; 1 *Atl. Rep.* (2d) 45. *Cf. Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72 (at *p.* 80); 186 *Atl. Rep.* 821; *affirmed,* 118 *N. J. L.* 301; 192 *Atl. Rep.* 62; also the Supreme Court opinion in *Cirillo* v. *United Engineers and Constructors, Inc.,* 120 *N. J. L.* 225; 198 *Atl. Rep.* 768, reversed on other grounds, 121 *N. J. L.* 511; 3 *Atl. Rep.* (2d) 596. The testimony of increase or of decrease must be predicated upon the condition and causes determined at the original hearing. *Cirillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511; 3 *Atl. Rep.* (2d) 596.

Considerable lay and medical testimony was adduced at the present trial. A review of the voluminous medical testimony of the various physicians appearing for the respective parties discloses a definite contrariety of opinion touching upon ques-

tion of increased disability or capacity. Of the four medical experts called by the petitioner to testify at the present trial, it is quite significant to note that only one of them, Dr. Alvin E. Cortese, testified in his behalf at the former trial. They expressed their opinions that there had been an increase of incapacity since the last award in both the neurological and orthopedic conditions, in that the petitioner's neurosis has gradually retrogressed to a state of psychasthenia and psychosis; and in that there has been a greater impairment of the right leg because of added circulatory and nerve changes throughout the entire right lower extremity. On the other hand, the respondent produced the same physicians who had testified at the earlier trial. They expressed the opinion, after comparing their recent examination of the petitioner with the earlier one made just prior to the last trial, that there was no change whatever in the degree. of disability.

In this posture of the proofs where the opinions of the several medical experts of the respective parties conflict so widely, it becomes necessary for me, in order to decide the case, to accept the view which appears to be the more credible, reasonable and weighty. In my considered judgment, I feel that greater weight of the medical testimony preponderates in favor of the respondent to the effect that there has been no increase in the petitioner's incapacity. Furthermore, I am not unmindful that in proceedings such as these to increase or diminish an award, it is my duty to consider the proofs adduced on the review as to whether the disability resulting from the injury has increased or diminished, in connection with proofs adduced at the time of the original award.

Upon a consideration of the first question, it clearly appears that the. petitioner has failed to sustain the burden of proof in establishing any increase of incapacity ascribable to the original compensable injury. With respect to the orthopaedic condition, I am satisfied there has been no further impairment to the leg and that his present disability of this member does not exceed 66 2/3% the basis upon which the first award was made. With respect to the neurosis, since Deputy Commissioner Corbin in the original trial, as the sole trier of the facts, accepted the testimony of the respondent's medical

experts as the more credible in determining that the then existing neurosis bore no causal relation to the accident, such finding is now *res judicata* and cannot be made the subject-matter in a subsequent application under *N. J. S. A.* 34:15-27 grounded upon a claim of increased disability. Furthermore, since the said award was not appealed, it cannot be challenged nor can its fairness be attacked at this time by the petitioner.

In passing upon the second question, the undisputed evidence indicates that the petitioner's leg broke down during four subsequent and recurring intervals following the last award, requiring hospitalization and medical treatment. These periods are as follows:—from August 12th, 1940, to August 27th, 1940, confined at the Hackensack Hospital for treatment involving circulatory disturbances of the right leg; from October 9th, 1940, to October 12th, 1940, confined at the same institution for treatment for a recurring varicose ulcer; from April 8th, 1941, to April 19th, 1941, confined at the same institution for observation and study with respect to a neuritis of the sciatic nerve; and from June 8th, 1941, to September 26th, 1941, under the treatment of Dr. Sherman Foote for a rupture of a varicose vein with a subsequent ulceration thereof. I therefore, find that the petitioner is entitled to recover compensation for temporary disability covering the above stated periods, aggregating 20 weeks. By the provisions of paragraph 34:15-12 (a) compensation for temporary disability may extend for a maximum period of 300 weeks. It is not necessary that the period be a consecutive one, but may be broken up in recurring intervals. In *Napoleon* v. *Jersey City Coal and Ice Co.,* 14 *N. J. Mis. R.* 54; 181 *Atl. Rep.* 880, it was held that an employee suffering from osteomyelitis of foot as the result of a compensable accident, who received both temporary and permanent compensation therefor, is entitled to further temporary disability until the permanent character of the injury could be ascertained, upon proof that the healed condition broke down necessitating further treatment.

Upon a careful consideration of the entire case it would seem that the petitioner's main grievance is grounded upon the contention that he was not granted sufficient compensa-

tion by the terms of the last award. However, by the doctrine enunciated in *DeMarco* v. *F. H. McGraw Co.* (*Supreme Court*), 181 *Atl. Rep.* 639, a proceeding under the provisions of *N. J. S. A.* 34:15-27 for increased disability cannot be instituted for the purpose of correcting or revising a previous award, holding that "By the clear weight of credible evidence no increased disability was shown. It may be that the bureau award in the first instance was too low, but if, upon the proofs, such were the case, the remedy was by appeal and not by petition for the recovery of increased compensation by reason of increased disability, which was not shown."

It is, therefore * * * adjudged, determined and ordered, that judgment final be entered in favor of the petitioner and against the respondent.

\* \* \* \* \* \* \*

JOHN J. STAHL,
*Deputy Commissioner.*