Wanda D. Dunlap

*v.*

State Workmen's Compensation Commissioner, and Lincoln Dry Goods Co. and Hi Way Motel

(No. 12944)

Submitted September 8, 1970.    Decided October 27, 1970.

*Toney E. Cline,* for appellant.

Caplan, Judge:

The claimant, Wanda D. Dunlap, on December 3, 1966, during her employment by R. P. Isaacs, slipped and fell on the icy steps of the Hi-Way Motel which was owned and operated by her employer. From this fall she received injuries to her back which were later determined to be compensable and for which she was awarded total temporary disability benefits. After being hospitalized at the Jackson General Hospital in Ripley, West Virginia, she was referred by the compensation commissioner to Dr. C. M. Caudill in Charleston for examination and treatment.

After further medical examinations the commissioner referred the claimant to Dr. Russel Kessel for examination and recommendations. On September 7, 1967 Dr. Kessel submitted

his report noting that he had examined Mrs. Dunlap on August 22, 1967. He made several findings and recommended a twenty-five per cent permanent partial disability award. An award in this amount was granted by the commissioner.

On December 31, 1968 the claimant filed a petition for reopening of her claim and submitted in support thereof a report of a medical examination performed by Dr. C. W. Stallard. On the strength of that report the claim was reopened and the claimant was again referred to Dr. Russel Kessel. In his report of his January 10, 1968 examination of the claimant Dr. Kessel made certain findings and concluded that there was no deterioration in the claimant's condition since she was last examined. The commissioner, on the basis of Dr. Kessel's report, held that the claimant had been fully compensated, to which holding the claimant filed a protest.

Thereafter the claimant was examined by Dr. Harold Kuhn who reported on May 2, 1969 that there had been progression in her case. He recommended an additional award of ten per cent. The commissioner subsequently affirmed his former ruling, which, on appeal was affirmed by the appeal board. It is from the final order of the appeal board that the claimant prosecutes this appeal. There has been no appearance on behalf of the employer.

The issue here is whether there is a progression or aggravation in the claimant's condition from the time of her original award which could entitle her to greater benefits than she has already received.

It is the position of the claimant that the medical evidence of record clearly shows that her physical condition has worsened and that she is therefore entitled to additional benefits. Of particular import in relation to the medical evidence are the 1967 and 1969 reports of Dr. Kessel. The claimant asserts that the 1969 report, although noting that the claimant's condition has not deteriorated, shows in fact that her condition has grown worse.

On this appeal it is essential to consider the medical reports of the physicians who have examined the claimant, the purpose

of such consideration being to determine whether the ruling of the appeal board was supported by the evidence or whether it was clearly wrong. Dr. Stallard's report in which he recommended a permanent partial disability award of forty per cent and Dr. Kuhn's recommendation of an additional ten per cent award are of less probative value as to the progression of the claimant's condition, than the report of Dr. Kessel, inasmuch as neither had formerly examined the claimant. Dr. Kessel examined Mrs. Dunlap in 1967, prior to her original rating, and in 1969, the examination which determined the commissioner's final ruling. We must compare the last report with the first to determine the progression, if any, in this claimant's condition.

In evaluating the present condition of the claimant we must keep in mind that her injury resulted from a fall which caused serious injury to her back. This is agreed upon by all physicians who examined her. Dr. Kessel reported in 1967 that she could squat completely. In 1969 he reported that she could squat only fifty per cent of normal, further movement causing severe back pain. In 1967 the claimant could bend her back to ninety degrees; extension was very moderately, if any, impaired. Side motion to the left and right were normal. In 1969 Dr. Kessel's report revealed that she could flex her back to ninety degrees but that pain would occur at seventy-five degrees. Extension was to thirty-five degrees; side motion to right was thirty-five degrees and to the left forty degrees. In 1967 there was an inpaired sensation (numbness) in the right leg from mid-calf downward. In 1969 this impaired sensation extended to the mid-thigh. We are of the opinion that this evidence shows unequivocally that the condition of the claimant has become worse and that from the nature of the injury she should be afforded further compensation. There is a clear showing of progression in this claimant's condition. Even though Dr. Kessel has declared that there is no deterioration we believe that the facts show otherwise.

It has long been settled in our jurisdiction that a finding of fact made by the appeal board, which is not supported by the evidence and which for that reason is clearly wrong, will be reversed by this Court on appeal. *Dunlap v. Workmen's*

*Compensation Commissioner,* 152 W.Va. 359, 163 S.E.2d 605; *Ramey v. State Compensation Commissioner,* 150 W.Va. 402, 146 S.E.2d 579; *Deverick v. State Compensation Director,* 150 W.Va. 145, 144 S.E.2d 498.

For the reason stated in this opinion the order of the appeal board is reversed and the case is remanded for further evaluation by reason of the showing of progression in the claimant's condition. The decision of this Court will be certified to the appeal board and to the commissioner.

*Reversed and remanded.*