STANLEY E. DUNLAP

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

TROJAN STEEL COMPANY

(No. 13782)

Decided February 15, 1977.

*Michael R. Crane, Boettner & Campbell* for appellant.

*M. Thomas Persinger, Payne, Minor, Ray, Price & Loeb* for appellees.

MILLER, JUSTICE:

In this Workmen's Compensation case, we consider whether an attempt to return to work by a claimant receiving temporary total disability benefits should result in a termination of those benefits. The Commission-

er and the Appeal Board hold that it does. We disagree and reverse.

On March 23, 1974, claimant was working for Trojan Steel Company and received an injury while pulling iron rods. He initially was seen by Dr. Shepherd with complaints of pain in his neck, shoulder and left arm. He was treated and when his condition did not improve he was referred to Dr. Caudill, an orthopedic surgeon, who diagnosed the problem in the neck as an intervertebral disk injury and consequently operated and removed the disk at C-6.

Claimant was awarded temporary total disability benefits. On August 21, 1974, he secured employment with the Alcohol Beverage Control Commission and advised his former employer, Trojan Steel, of this fact on August 23. His work with the Alcohol Beverage Control Commission basically involved operating a fork lift truck. Claimant testified that he ceased working on Septemer 6, 1974, because he was experiencing pain in his left arm, shoulder and also in the low back.

Trojan Steel filed a protest with the Commissioner on the basis that temporary total disability benefits should have been terminated on the date that the claimant began his employment with the Alcohol Beverage Control Commission. Several administrative hearings were held in connection with the employer's protest and claimant was examined under oath and testified that at no time during his work with the Alcohol Beverage Control Commission did he have any accident or injury.

Testimony was also taken from Drs. Shepherd and Caudill, both of whom had had occasion to examine the claimant after he ceased employment with the Alcohol Beverage Control Commission. Each of these doctors indicated that the claimant still had residual disability arising from the cervical disk injury and also found that claimant did have a lumbosacral strain.

In the course of their examination of the claimant each of the doctors had obtained a brief history on the

claimant as to the circumstances surrounding what had occasioned the low back injury. The status of the record in this regard is at best unclear since neither doctor took a detailed history from the claimant. It does appear, however, that the claimant, in relating how his back complaints had initially occurred, made reference to the fact that it happened while at work pulling steel rods.

At the hearings, under questioning by the employer's lawyers as to whether or not the lumbosacral strain could be related to the initial accident in March, 1974, both doctors expressed some doubt as to being able to medically relate the low back symptoms to the March accident.

It appears that the basis for their indecision rests on the fact that their records did not show that after the March accident the claimant had any complaints involving the low back area.

The Commissioner ruled that temporary total disability benefits subsequent to August 21, 1974, the date when the claimant had started to work for the Alcohol Beverage Control Commission, be stopped and the claim be closed on a temporary total disability basis. The Appeal Board affirmed the Commissioner's ruling and in a written opinion stated that the Commissioner was correct in stopping temporary total disability benefits, and that while the record was not clear, it appeared that the claimant had received a second injury involving the low back while employed at the Alcohol Beverage Control Commission.

It is apparent from the record that the claimant ceased work with the Alcohol Beverage Control Commission because he felt physically unable to continue working. Medical reports of his condition after he stopped working indicate that he still had considerable residual disability from the initial injury.

The threshold question, which neither the Commissioner nor the Appeal Board appears to have considered

in any detail, is whether an attempt to return to work bars further receipt of temporary total disability benefits. We can find no case in which this point appears to have been directly decided by this Court. In *Perry v. State Workmen's Compensation Commissioner*, 152 W. Va. 602, 165 S.E.2d 609 (1969), this Court stated it was the purpose of the Workmen's Compensation law to provide temporary total disability benefits to an injured workman for the period of time necessary for him to reach the maximum degree of improvement, at which point he should then be rated for a permanent disability award. *See also, Dickerson v. State Workmen's Compensation Commissioner*, 154 W. Va. 7, 173 S.E.2d 388 (1970).

In reviewing the Workmen's Compensation Act, we do not find any specific language that relates return to work as affecting total temporary disability benefits. Under the provisions of *W. Va. Code*, 23-4-6(b), once a finding of temporary total disability is made the injured employee "... shall receive during the continuance thereof weekly benefits as follows: ..." Under subdivision (c) of this same section, which sets out the maximum allowable award for temporary total disability, it is stated that "... [an] aggregate award for a single injury causing temporary disability shall be for a period not exceeding two hundred eight weeks."

Certainly, the words "during the continuance thereof" and "aggregate award" suggest the conclusion that temporary total disability need not be limited to a continuous period of disability. Indeed, a valid social policy can be served by encouraging an injured employee on temporary total disability to attempt to return to work.

If he is able to work his period of disability is diminished. He is restored to his former wage level and becomes once again a contributing member of the work force. His employer gains in diminished compensation exposure. It would run counter to such desirable ends if we were to rule that the employee must bear the risk of loss of his temporary total disability benefits if he at-

tempts to return to work and then has to stop working because his medical condition has not improved to the point where he can handle his job. Such a negative rule would dictate that no injured employee would attempt to return to work, unless he were absolutely certain he could do the job.

There are several statutory safeguards built into the Workmen's Compensation Act which would prevent the abuse of such suggested rule. First there is a maximum statutory limit on temporary total disability benefits arising out of a single injury, which is currently 208 weeks. *W. Va. Code*, 23-4-6(c). Secondly the Commissioner does have continuing jurisdiction over the cases and may make such modifications or changes to findings or orders as may be justified. *W. Va. Code*, 23-4-16. Finally, the Commissioner has the authority whenever in his opinion it shall be necessary to order a claimant to appear before a medical examiner. *W. Va. Code*, 23-4-8. These statutory provisions should enable the Commissioner to determine if the claimant's cessation of work, after having returned to work while on temporary total disability status, is a result of the original industrial accident.

In the few cases from other jurisdictions that have considered this problem, it appears that the courts have construed similar compensation statutes to mean that temporary total disability benefits can be paid for intermittent periods or for recurrent intervals of temporary disability. These courts have given no particular emphasis on return to work, even though it is clear from the facts that the claimant had returned to work for varying periods of time. *See, Williamson v. Delta Millworks, Inc.* 262 So.2d 183 (Miss. 1972); *Wilkins v. Blanchard-McDonald Lumber Co.*, 115 Vt. 89, 52 A.2d 781 (1947); *Drexl v. Jurgensen*, 19 N.J. Misc. 643, 22 A.2d 816 (1941).

In light of the foregoing discussion and mindful of the axiom that the Workmen's Compensation Act is remedial and should be liberally construed in favor of the injured workman, *Spaulding v. State Workmen's Compensation Commissioner*, 157 W. Va. 849, 205 S.E.2d 130 (1974);

*Hughes v. State Workmen's Compensation Commissioner*, 156 W. Va. 146, 191 S.E.2d 606 (1972); *Johnson v. State Workmen's Compensation Commissioner*, 155 W. Va. 624, 186 S.E.2d 771 (1972), we hold that an injured employee who receives temporary total disability benefits does not lose those benefits when he attempts to return to work and is unable to continue working because of the medical condition which gave rise to his temporary total disability. The fact that he elects to return to work with another employer rather than the employment where he received the injury causing his temporary total disability should not alter the rule.

A second issue is raised as to whether claimant's low back problem arose from a second injury not connected with his employment with Trojan Steel. The Appeal Board in its written memorandum alludes to this fact, which apparently re-enforced its decision to stop the temporary total disability benefits. It should be noted that the Board's findings in this regard were at best tenuous:

> "There is some indication, particularly in the testimony of Dr. J. Banks Shepherd, Jr., claimant's attending physician, that he had sustained a low back injury not related to the injury of March 23, 1974. However, the record does not reveal the time or date he sustained the second injury."

The difficulty with Dr. Shepherd's testimony is that he was initially asked if he could relate the pain in claimant's low back area to the problem that he had with the cervical disk. The doctor responded that the low back pain did not result from the cervical disk injury. This, of course, while perhaps anatomically true, did not reach the real question of whether the low back problem arose from the original industrial accident of March 23, 1974.

Dr. Shepherd later in his testimony indicated that from a brief history taken on September 10, 1974, the claimant had informed him that the low back problem happened while lifting steel rods at work. This was an

obvious reference to the original accident at Trojan Steel. Dr. Shepherd did conclude that since he could not connect the pain in the low back to the cervical disk injury, it was possible that the low back condition came from a second injury.

The claimant had testified at two hearings before the Commissioner that he had not received an injury while working for the Alcohol Beverage Control Commission. From the record before us, there is no evidence on which Dr. Shepherd could base his inference that the low back problem arose from a second injury. In *Sisk v. State Workmen's Compensation Commissioner*, 153 W. Va. 461, 469, 170 S.E.2d 20, 25 (1969), this Court enunciated the following rule with regard to attributing a particular disability to a given injury:

> "It has long been held in this jurisdiction that a disability which cannot with some degree of certainty be attributed to a cause other than the subject injury must be presumed to have resulted from such injury."

We conclude that this same principal should apply in attributing a particular injury to a given accident. Consequently, if an injured employee provides some evidence to demonstrate that a particular injury did arise from the subject industrial accident, absent evidence which to some degree of certainty attributes the injury to a cause other than the subject accident, it will be presumed to have resulted from such accident.

This rule is not intended to substitute a presumption for proof. The injured employee is still required to supply evidence that his injury did result from the subject industrial accident. The purpose of the rule is to provide an inference that favors the injured employee and, in effect, it requires the employer to prove to some degree of certainty that the injury did not occur from the industrial accident, if the employer is to prevail on the point.

From the foregoing evidence there appears to be no basis on which the Appeal Board could have found as a

matter of fact that the claimant had sustained a second injury which resulted in an injury to his low back. Findings of fact made by the Appeal Board which are not supported by the evidence will be reversed by this Court on appeal. *Dunlap v. State Workmen's Compensation Commissioner*, 154 W. Va. 539, 177 S.E.2d 35 (1970).

We, therefore, conclude that the ruling of the Workmen's Compensation Appeal Board must be reversed, this case remanded to the Commissioner for reinstatement of the temporary total disability award, and upon determination that claimant has reached his maximum degree of improvement he should then be rated for a permanent disability award.

*Reversed and remanded.*