STATE, Respondent, vs. ZIRBEL, Appellant.

*April 10—May 4, 1920.*

*Infants: Juvenile court: Powers: Rules of criminal procedure not applicable: Final determination of proceedings: Effect.*

1. The responsibility assumed by the juvenile court under the juvenile court act (secs. 573—1 to 573—10, Stats.) over a delinquent child is the same as that of a parent and necessarily carries great power, autocratic to the extent that it shall not be confined by the rules of procedure followed in criminal courts.

2. On the trial in the juvenile court of a fifteen-year-old boy charged with theft, the court was not warranted in committing him to the industrial school solely on proceedings had before another judge wherein such judge, after the probation officer to whom the boy had been assigned requested to be relieved of the charge, expressed his view that the boy should be committed to the industrial school, but upon objection of the parents to that course dismissed the proceedings and placed all responsibility for the boy upon the parents. Such dismissal, being in substance a final determination of all charges of delinquency, cannot be made the basis of a commitment in subsequent proceedings.

APPEAL from a judgment of the juvenile court of Milwaukee county: M. S. SHERIDAN, Acting Judge. *Reversed.*

The complaint charged the defendant, a boy fifteen years of age, with having stolen tools belonging to Dr. William F. Hilger of Milwaukee. At the trial the court received testimony of a police officer in connection with the offense charged, and also admitted the testimony as to the previous record of defendant from a probation officer, to whom the defendant had been assigned on probation.

The court declared the defendant to be a delinquent and committed him as delinquent and incorrigible to the Wisconsin industrial school for boys. Appeal is taken from the judgment and from an order of the court refusing to vacate such judgment upon proceedings had after the entry of the judgment of commitment to the industrial school.

*Carl H. Juergens* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Zabel.*

SIEBECKER, J. The record shows that on October 3, 1919, the defendant was brought into the juvenile court, Judge KAREL presiding, by the probation officer to whom he had been committed as a ward of the court, on the several complaints theretofore filed against him as a delinquent. The defendant contends that the proceedings had in court on this occasion constitute a discharge of the defendant from all delinquencies, and that such discharge terminated all orders of probation theretofore entered upon the several complaints filed against him. The state claims to the contrary and asserts that defendant was still a ward of the court after October 3, 1919. The purposes and objects of the juvenile court act (secs. 573—1 to 573—10, Stats.) are well expressed in the opinion in *State v. Scholl,* 167 Wis. 504, 167 N. W. 830. The proceedings are not to be conducted according to the practice and procedure governing actions. The court is to act in place of a parent and necessarily has great power which is not to be restricted by the rules of procedure followed in criminal courts. The question presented is, Could the court properly commit the defendant to the industrial school upon the record before him in view of the action of the court on October 3d? The court stated in passing on this question of committing the boy: "This boy was not sent to Waukesha [the industrial school] for stealing the saw." There is no evidence in the record to show that he was guilty of the charges lodged against him on November 24, 1919, upon the complaint of the officer, Kammerling, in which proceeding the commitment was issued. So far as the evidence discloses, he was innocent of any wrongful conduct concerning the transaction set forth in the Kammerling complaint. The court, however, held that

the statements of Mr. Mehl, probation officer, on this hearing, giving the boy's delinquent history on former complaints, and Mr. Mehl's inability as probation officer to aid and help the boy and his parents while defendant was committed to him as a ward of the juvenile court for the three years last past, authorized the court to commit the boy to the industrial school.    It appears that all the delinquent proceedings against the boy prior to November 24, 1919, took place before Judge KAREL, and that Judge KAREL on October 3, 1919, at the request of Officer Mehl, held an inquest concerning the continuance of the probation of the boy as a ward of the court.    It was suggested by the officer that the boy's three years' probation had not operated to the boy's benefit and that the officer was unable to control him, and asked to be relieved of his charge as probation officer.    The court then expressed the view to the boy's parents, who were present in court, that he thought it for the best interest of the boy to have him committed to the industrial school, to which the parents objected.    Thereupon the court dismissed the proceedings against the boy and informed the parents that they had assumed all responsibility for him.    In substance this is a final determination and dismissal of all pending proceedings against defendant for delinquency. Under this state of the record these proceedings could not be made the basis by Judge SHERIDAN in another and subsequent proceeding for a commitment of defendant to the industrial school.  Since the record of the proceedings pending in the complaint before Judge SHERIDAN discloses a want of evidence to establish the conviction of defendant as a delinquent and no commitment could be made on the former proceedings, it follows that the judgment appealed from is not sustained by the record.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the juvenile court with directions to discharge the defendant.