JAMES FELTY *v.* COMPENSATION COMMISSIONER *et al.*

(No. 9314)

Submitted January 15, 1942. Decided February 24, 1942.

*Brown, Jackson & Knight,* for appellant.
*W. W. Smith,* for appellee.

KENNA, JUDGE:

Both of the bones in James Felty's lower right leg were fractured April 8, 1937, in the course of and resulting from his employment by Wheeling Valley Coal Corporation. The requirements having been complied with, he was placed on a temporary total rating which was allowed to run the full period of seventy-eight weeks, immediately following the expiration of which, the Commissioner awarded Felty a twenty-five per cent permanent disability rating. On March 20, 1939, the award

was raised to thirty-five per cent, on November 24, 1939, to forty per cent, and on October 31, 1940, to forty-five per cent, the employer having objected to each of the increases, the addition ordered November 24, 1939, having been taken by the employer to the Appeal Board and by it affirmed.

On July 24, 1941, claimant filed in the Commissioner's office his petition for additional compensation, containing what was regarded as a satisfactory showing of aggravation since the last award, a further increase being refused because Code, 23-4-6, allows for the severance of a leg below the thigh a rating of forty-five per cent disability. The Commissioner's decision, not being based upon a further finding of fact, was by this applicant carried to the Appeal Board, which, without the taking of further proof and with no development before it since the date of the last award except the claimant's written motion and showing of aggravation, entered its order reversing the finding of the Compensation Commissioner and remanding the case to him with instructions to increase the award to fifty-two and three-fourths per cent. Upon the application of the employer, we granted an appeal to the finding of the Board.

There are two distinct questions which arise upon considering the course taken by the Compensation Appeal Board in this instance: (1) Was the Board correct in reversing the finding of the Compensation Commissioner? (2) If it was, is their direction to the Compensation Commissioner to increase the award without additional proof before the Commissioner or before the Board, to be sustained?

The second question being one of procedure, it will be discussed first.

In the absence of a statutory provision authorizing it to be done, for a body acting in an appellate capacity to reverse as an incorrect finding of fact a decision not based upon testimony, of which there was none that bore upon the question under consideration, is quite plainly out of line with all effective methods of review. There was no

proof to be re-examined and none was offered before the Board.

In attempting to ascertain to what extent the Legislature has regulated the procedure by which the Appeal Board reviews the findings of the Compensation Commissioner, it would seem that Code, 23-5-1b, as amended and reenacted under that heading by the Acts of 1939, Chapter 137, contains the controlling provision relating to the refusal by the Commissioner to reopen a claim for compensation. Under the statute referred to, the Compensation Commissioner is required to act upon an application to reopen the claim within sixty days after its receipt, and to notify the claimant in writing if his decision is not to reopen the claim and of the fact that the claimant has thirty days to apply for an appeal. The last sentence of the section referred to gives the claimant the right after thirty days receipt of the notice to apply to the Appeal Board for a review of *such decision,* by plain implication confining the appeal to the question of reopening, which, as a matter of fact, is the only appealable question shown in the Commissioner's file. We have been unable to discover a statutory provision authorizing the Appeal Board, when reviewing a case which involves absolutely no proof since the last award following which the Commissioner has done nothing but decline to reopen the matter, to reverse and remand to the Commissioner not with directions to reopen and to develop further the claim for compensation, but on the existing record to increase the claimant's rating by seven and three-fourths per cent. Having failed to find either a statutory justification for the course taken by the Appeal Board or a rule of common law procedure upon which it could be partially founded, it follows that that phase of the Appeal Board's order must be set aside. *Reed* v. *Compensation Commissioner et al.,* 124 W. Va. 37, 18 S. E. 2d 793.

Question one relates to the question of whether the Compensation Commissioner's determination not to reopen because of the fact that a forty-five per cent award being the maximum award for the loss of a leg below the knee is also the maximum award for any injury to a leg

below the knee, regardless of the actual disability rating of the claimant, is correct.

Since the official functions of the Compensation Commissioner are, of course, mainly administrative, and to be so regarded, it is essential that the Legislature should have established certain governing standards under which he is required to proceed and those functions are to be expressed. That is the purpose of article four, chapter twenty-three of our Code, and particularly, of section six of that article. However, of course, it is impossible for the Legislature to either describe or rate all injuries, and we may safely assume that it was not the legislative purpose to undertake to do so. Instead it has established both specific and general standards.

It is very apparent that an injury to either a leg or an arm can impair the physical strength and fitness of the sufferer much more than the severance and loss of the same member. To illustrate would be quite simple. It is not to be supposed, in the absence of an express provision making it necessary, that the Legislature intended to ignore that generally known fact. When this practical phase of the matter is considered, coupled with the further fact that if that led to a doubtful meaning of the compensation law, which we do not think it does, that doubt should be resolved in favor of the claimant, we believe our course is plainly marked. We have so held in *Gay Coal & Coke Co.* v. *Workmen's Compensation Commissioner*, 121 W. Va. 200, 2 S. E. 2d 265, and *Wheeling Metal & Manufacturing Co.* v. *Workmen's Compensation Commissioner*, 121 W. Va. 155, 2 S. E. 2d 252.

Felty was injured in April, 1937, and received the maximum temporary rating. At its expiration, he obtained an award which was increased three times. His application for additional compensation was declined by the Commissioner because, in the opinion of the Commissioner, he had already received the maximum allowed under the statute. An injury of the kind suffered by Felty under usual conditions would have been completely cured and the earning capacity of the sufferer entirely restored in a very much shorter period. However, unforeseen develop-

ments occurred, and the Commissioner, we think very properly, retained him as a beneficiary for the full time that he thought the statute justified. The Commissioner was evidently acting upon the theory that there could be no injury to a member of the body requiring a higher disability rating than the entire loss of the same member. In our opinion, the Commissioner erred in so interpreting our Workmen's Compensation Act, it being our conclusion that, unless it be shown that rehabilitative treatments or surgery has been wrongfully refused or neglected by the applicant, the statute awarding compensation for the severance and loss of a member of the body should not be considered as controlling in the absence of that loss, but perhaps should be taken into consideration as a rough guide to disability rating under the general statutory standards so far as applicable to the case under consideration.

To sum up, based upon the foregoing discussion, we believe that the order of the Compensation Appeal Board, so far as it directed the finding of the Commissioner upon remanding of the case to him is plainly erroneous, and to that extent is set aside. So far as the Compensation Appeal Board reversed the order of the Compensation Commissioner, we believe, for other reasons, it to have been entirely justified. The Commissioner's order we believe to have been error. Therefore, an order will be entered affirming in part and reversing in part the order of the Compensation Appeal Board, reversing the order of the Compensation Commissioner, and remanding the case to the Compensation Commissioner for further development.

> *Appeal Board affirmed in part; reversed in part; remanded.*