FRANCIS M. OLIVER

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
AND THE CARBON FUEL COMPANY

(No. 12751)

Submitted September 10, 1968. Decided December 3, 1968.

*Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty, Louis S. Southworth II,* for appellant.

*Charnock & Charnock, John N. Charnock, Jr.,* for appellees.

CAPLAN, JUDGE:

This is an appeal upon the application of the employer, The Carbon Fuel Company, a corporation, from an order of the Workmen's Compensation Appeal Board entered May 7, 1968, which reversed the order of the Workmen's Compensation Commissioner dated October 24, 1967. By the latter order the commissioner held that the claimant had been adequately compensated by the award of 53% permanent partial disability. The appeal board, reversing the commissioner's ruling, held that the claimant was entitled to a total permanent disability award.

Francis M. Oliver, the claimant herein, sustained injuries to his left leg below the knee and to his left hand. These injuries occurred on January 20, 1959 in the course of and resulting from his employment with The Carbon Fuel Company. The claim was held compensable and the claimant was referred to the medical examining board for disability evaluation. This board, consisting of Dr. Russel Kessel, Dr. Howard A. Swart and Dr. C. M. Caudill, in a report dated December 30, 1960, recommended a 53% permanent partial disability award. According to the comments in said report it was believed that no type of surgery would render the claimant's ankle serviceable. It was therein then stated: "The claimant had lost the functional use of the left ankle and foot and would actually be in a better position if the extremity were amputated and a properly fitting prosthesis applied." The board then recommended 45% permanent partial disability for the leg and ankle injury which is the amount prescribed in Code, 1931, 23-4-6(d), as amended, for the total loss by severance of a leg. An award of 8% was recommended for the finger injuries, making the aforesaid total of 53% permanent partial disability.

Thereafter, the commissioner forwarded to Dr. George Miyakawa a copy of the medical report and asked him to

discuss with the claimant the recommended amputation. It was then requested that Dr. Miyakawa advise the commissioner of Mr. Oliver's desire in regard thereto. The commissioner was informed by R. L. Hutcherson, a representative of the United Mine Workers of America, that the claimant did not desire to have his left lower extremity amputated and that said claimant wanted the commissioner to grant him the permanent partial disability recommended by the medical board. Dr. Miyakawa also stated that, upon examination of Mr. Oliver, he "felt that there was no absolute indication for an amputation."

On March 27, 1961, the commissioner granted the claimant a 53% permanent partial disability award, giving either party thirty days from the date of the award in which to object to his finding. The claimant, through counsel, protested this award on April 3, 1961. This protest resulted in various hearings at which medical evidence was introduced and considered. Also, the claimant was examined by several doctors. Subsequently, by an order entered June 14, 1962, the commissioner affirmed his order of March 27, 1961, wherein the claimant was granted a 53% award. No appeal was taken from that order.

Based on a report of Dr. Harold H. Kuhn, the claimant, on June 5, 1963, requested the commissioner to reopen this claim. Dr. Kuhn reported that "This man has become worse since I last saw him. He has very definite decrease in motion * * * I feel that he is totally and permanently disabled from an orthopedic standpoint for the overall general labor market." By letter dated June 24, 1963, the commissioner held that a proper showing had been made and a reopening of the claim was granted. After Dr. Kessel reexamined the claimant he submitted his report to the commissioner. The claimant was notified, by letter dated July 15, 1963, that it was the ruling of the commissioner "that you have been fully compensated for the disability arising out of your injury * * *." The claimant protested and further hearings were held.

The medical evidence of Drs. Swart, Roncaglione and Callender was submitted at these hearings. All three re-

ported that in their opinions the 53% award was adequate compensation for the claimant's injuries. The claimant later tendered a report of examination by Dr. Frank R. Jamison. Dr. Jamison, who had never previously examined the claimant, concluded his report by stating that in his opinion the claimant is totally and permanently disabled. The employer objected to the report and asked that Dr. Jamison be made available for cross-examination. After a delay of more than one year the claim was submitted. By letter dated May 26, 1966, the commissioner entered an order affirming his ruling of July 15, 1963. Upon appeal, the appeal board reversed the commissioner's order and remanded the claim for the purpose of taking the testimony of Dr. Jamison.

Pursuant to the board's order a hearing was held on June 26, 1967, at which Dr. Jamison appeared and was examined and cross-examined. He testified, among other things, that he had not examined the claimant at any time prior to January 14, 1965. By order dated October 24, 1967, the commissioner reinstated and affirmed his ruling of July 15, 1963, the effect of which was to hold the claimant had been adequately compensated by the previous award of 53%.

The claimant appealed this order to the appeal board which subsequently reversed the order of the commissioner and granted the claimant a total permanent disability award. The basis of the appeal board's ruling appears to be the fact that there was no showing that the claimant wrongfully refused an amputation of his left leg below the knee; nor did the commissioner enter an order requiring such amputation. Also, the board was of the opinion that Dr. Kessel's view that the claimant could receive no more than a 45% award for the injury to his leg was erroneous. From the board's order, the employer prosecutes this appeal.

There was no appeal from the order of the commissioner wherein he granted a reopening of this case, so the propriety of that order is of no moment here. The issue here is whether or not this claimant is entitled to an award in excess of 45% for the injury to his leg, that being the statutory award for the total loss by severance of such member. Code,

1931, 23-4-6 (d). The 8% award for injuries to the claimant's fingers has not been questioned and is not in issue here.

The claimant partially relies on the testimony of Dr. Kessel wherein it was declared that the ankle was perhaps stiffer and the inversion of the foot greater than it was on the previous examination. As noted above, however, this is not a "reopening" case, so such testimony is not pertinent to the issue presented.

Further and greater reliance is placed by the claimant on *Felty* v. *Compensation Commissioner,* 124 W. Va. 75, 19 S. E. 2d 90, decided by this Court in 1942. In the *Felty* case the issue was not whether the claimant was entitled to an award in excess of the amount permitted by statute for the loss of his leg but concerned the propriety of the commissioner's act in refusing to reopen Felty's claim on the basis that the claimant had already been paid the statutory sum for the loss of such extremity. The Court said, in essence, that the commissioner should have permitted a reopening, regardless of the prior payment of the total amount prescribed by statute for the loss of the leg. Only in this manner could it be determined whether the claimant suffered residual disability to other parts of his body. As stated in *Felty*: "It is very apparent that an injury to either a leg or an arm can impair the physical strength and fitness of the sufferer much more than the severance and loss of the same member."

In the instant case the claim was reopened and fully developed. No injury or disability to any other part of the claimant's body resulted from the compensable injury to his leg. Therefore, while we agree with the decision in the *Felty* case, we here note that such decision is not dispositive of the issues posed in this proceeding. This Court, however, has spoken on this question. In *Linville* v. *State Compensation Commissioner* 112 W. Va. 522, 165 S. E. 803, the Court said in the syllabus:

"Under the Workmen's Compensation Law, where a workman has received as compensation for an injury to his foot the maximum statutory allowance for the total loss of a foot, he is not entitled to fur-

ther compensation for a subsequent injury to the same foot."

There the claimant received a severe injury to his ankle and, as in this case, received an award in the amount allowed by statute for the loss of his foot. Later, his ankle was again injured. The commissioner denied further compensation. As indicated by the above quoted syllabus this Court affirmed the commissioner's action. Pertinent to our decision here, the Court in *Linville* said:

"As the petitioner was paid the maximum statutory allowance for the entire loss of a foot (and the disability therefrom) as compensation for the first injury, the ruling of the commissioner must be affirmed. Otherwise, the petitioner would be compensated twice for the same loss, a sequence not contemplated by the Workmen's Compensation Law."

Throughout the lengthy development of this case the only evidence upon which the appeal board based its award of total permanent disability was that adduced from Drs. Kuhn, Stallard and Jamison. Their testimony was to the effect that total disability resulted from the injury to the leg, for which compensation had been paid. None testified that such injury resulted in any disability to any other part of the claimant's body. As noted in *Linville, supra,* the Workmen's Compensation Law does not contemplate that one be twice compensated for the same loss. That would be the result here were such ruling to stand. We find, and so hold, that the appeal board was clearly wrong in awarding total permanent disability for the reason that there was no evidentiary showing that the leg injury resulted in disability to any other part of the claimant's body. The doctors who testified that the claimant was totally disabled referred only to the injured leg for which, under the law, the claimant has been fully compensated. See *Haines* v. *Compensation Commissioner,* 151 W. Va. 152, 150 S. E. 2d 883; *Ramey* v. *Compensation Commissioner,* 150 W. Va. 402, 146 S. E. 2d 579; *Emmel* v. *Compensation Director,* 150 W. Va. 277, 145 S. E. 2d 29; *Partlow* v. *Compensation Commissioner,* 150 W. Va. 416, 146 S. E. 2d 833; and *Dombrosky* v. *Compensation Director,* 149 W. Va. 343, 141 S. E. 2d 85.

The right to workmen's compensation benefits is wholly statutory. Under the workmen's compensation laws of this state a claimant has a right to receive benefits in no greater amount than is expressly authorized by the pertinent statute. For the loss of a leg below the knee, Code, 1931, 23-4-6 (d) permits the recovery of a permanent partial disability award in the amount of 45%. No greater award is allowable unless such loss results in residual disability. See *Haines v. Compensation Commissioner,* 151 W. Va. 152, 150 S. E. 2d 883.

For the reasons stated herein the order of the appeal board awarding total permanent disability to the claimant is reversed and this proceeding is remanded to the commissioner with directions that his order of October 24, 1967 be reinstated.

*Reversed and remanded with directions.*