WARREN J. CUMMINS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
*and*
THE CARBON FUEL COMPANY

(No. 12781)

Submitted January 14, 1969.    Decided February 25, 1969.

Dissenting Opinion March 21, 1969.

*Jackson, Kelly, Holt & O'Farrell, John L. McClaugherty, Louis S. Southworth II,* for appellants.

*George G. Burnette, Jr.,* for appellee.

HAYMOND, PRESIDENT:

This claim of Warren J. Cummins against his employer, The Carbon Fuel Company, a corporation, for first stage silicosis compensation, is here on appeal by the employer from a final order of the State Workmen's Compensation Appeal Board of September 4, 1968, which reversed an order of the State Workmen's Compensation Commissioner of April 24, 1968 which dismissed the claim of Cummins for first stage silicosis benefits on the ground that he had previously been granted a final award of total permanent disability, such award having been made by order of the commissioner on October 24, 1967.

The question for decision on this appeal is whether the claimant who had previously been awarded total permanent disability compensation for compensable personal injuries as provided by Section 6, Article 4, Chapter 23, Code, 1931, as amended, which were unrelated to his claim for first stage silicosis, may also be given an award of compensation for first stage silicosis.

The material facts are not disputed and the question for decision is a question of law.

Although this identical question has been before the appeal board in two prior cases in which an award of first stage silicosis compensation to a claimant who had previously been awarded total permanent disability compensation for injuries sustained by him was upheld by the board and from which ruling no appeal was taken to this Court, the question here involved has not been determined by this Court and in that respect it may be said that this case is one of first impression under the workmen's compensation law of this State.

In its opinion in connection with its reversal of the order of the commissioner dismissing the claim of Cummins for

compensation for first stage silicosis, the board referred to the two prior cases involving first stage silicosis and another case known as the *Elk Creek* case, involving a claim for second stage silicosis by a claimant who had been awarded total permanent disability compensation and said, in part:

"The same point is here involved as in *Picklesimer,* Claim No. 62-41523, Appeal No. 6674, at the February, 1964, Session of this Board, and in *Cline,* No. 66-50100, Appeal No. 7455, at the April, 1968, Session. In both cases we decided that claimants could possibly draw total permanent disability and still be awarded first stage silicosis benefits under the West Virginia statutes as they presently exist, and that if any change is proper it must necessarily come from the Legislature.

"We can see no reason to reverse our opinion at this time. We considered the *Elk Creek* case before making the prior ruling. Employer's counsel states that the Supreme Court of Appeals refused an application for appeal in the *Elk Creek* case. This Board is still of opinion that if the statute is to be construed differently than its language indicates it should be done by the Supreme Court of Appeals. Absent such a ruling, we reiterate that it is a matter for legislative attention."

The *Elk Creek* case mentioned in the opinion of the board is styled *Elk Creek Coal Company* v. *State Compensation Commissioner,* decided in 1956, and related to a claim for second stage silicosis of the employee Simpson who had been awarded total permanent disability for compensable injuries and was granted a lump sum award of $2,000.00 for what at that time was classified as second stage silicosis, which under the present statute is classified as advanced silicosis. The award for second stage silicosis was set aside by the appeal board on the ground that the claimant had been previously given a total permanent disability award for an injury to his back. This Court refused to grant an appeal from the order of the board. The *Picklesimer* and *Cline* cases, involving first stage silicosis, and the *Elk Creek* case, involving second stage, now

advanced stage, silicosis make clear the distinction which the statute makes between first stage silicosis and second stage, now classified as advanced stage, silicosis.

The employer assigns as error, and vigorously asserts, that the appeal board was clearly wrong in reversing the order of the commissioner, and that inasmuch as the claimant had been granted a final award of total permanent disability carrying payments for life for injuries sustained April 23, 1965, the subsequent claim for silicosis benefits can not be maintained and was properly dismissed by the commissioner.

On the contrary the claimant insists that his claim for compensation for first stage silicosis is unrelated to his award of total permanent disability benefits for injuries previously suffered by him; and that under the provisions of Section 6, Article 4, Chapter 23, Code, 1931, as amended, which deal with compensation to an employee for personal injury other than first stage silicosis, and the provisions of Section 6a, Article 4, Chapter 23, Code, 1931, as amended, defining the stages of silicosis, the claimant may be given an award of compensation for first stage silicosis even though he has received a prior award of total permanent disability under Section 6, Article 4, Chapter 23, Code, 1931, as amended, for personal injuries received by him which are unrelated to first stage silicosis. Section 6a expressly provides that an employee shall, for such purpose, be deemed to have silicosis: (1) In the first stage when it is found by the commissioner that the earliest detectable specific signs of silicosis are present, *"whether or not capacity for work is or has been impaired by such silicosis;"* and that where compensation for silicosis is due an employee under such provision, he shall, if suffering from silicosis in the first stage, receive one thousand dollars as compensation, which shall be a final payment and operate as a full release by the employee for compensation and for any claim against the employer that the employee may subsequently have for silicosis.

The provision of Section 6, Article 4, Chapter 23, Code, 1931, as amended, which excludes first stage silicosis but

not silicosis in any other stage from the compensation provided by that section for personal injuries sustained by an employee, is plain and unambiguous and must be recognized and given effect by the Court. In many cases this Court has held that when a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the court and in such case it is the duty of the court not to construe but to apply the statute. *Jarrell* v. *State Workmen's Compensation Commissioner,* 152 W. Va. 418, 163 S. E. 2d 798; *State ex rel. Riffle* v. *City of Clarksburg,* 152 W. Va. 317, 162 S. E. 2d 181; *Owens-Illinois Glass Company* v. *Battle,* 151 W. Va. 655, 154 S. E. 2d 854; *J. D. Moore, Inc.* v. *Hardesty,* 147 W. Va. 611, 129 S. E. 2d 722; *Terry* v. *State Compensation Commissioner,* 147 . . Va. 529, 129 S. E. 2d 529, and the numerous cases cited in the opinion in the *Terry* case.

Moreover, the Legislature in dealing with silicosis in the advanced stage makes specific reference to Section 6, Article 4, Chapter 23, Code, 1931, as amended, and provides that if the employee is suffering from silicosis in the advanced stage, the percentage of permanent disability shall be determined by the commissioner in accordance with the facts in the case and with the advice and recommendation of the silicosis medical board and that compensation for silicosis in the advanced stage shall be paid in the same manner and at the same rate as is provided for permanent disability under the various subdivisions of Section 6, Article 4, Chapter 23, Code, 1931, as amended, which deals with compensation for personal injuries "other than first stage silicosis." From these statutory provisions it is clear that the Legislature has made the ailment of first stage silicosis compensable at the rate of one thousand dollars independently of the award of compensation for personal injuries and silicosis in the advanced stage. It is manifest that silicosis in the first stage is excluded from the operation of Section 6 of the statute and that the legislative intent is that compensation for first stage silicosis can be awarded independently of and in addition to any award of permanent disability, either partial or total,

for the personal injuries covered by the provisions of Section 6.

Though upon a casual view it may seem that the workmen's compensation laws do not permit any person who has been awarded total permanent disability under the provisions of Section 6 to receive any further or additional compensation, upon careful consideration of the applicable statutory provisions it becomes clear that first stage silicosis is not included in the personal injuries for which compensation is allowable and determined under the provisions of Section 6, is not regarded as a physical condition or personal injury which necessarily lessens or impairs the employee's capacity to work, and that a claimant who has been awarded permanent disability, either partial or total, under Section 6, may also be entitled to an award of first stage silicosis by virtue of the exclusionary provision expressly set forth in the first paragraph of Section 6 and which has been previously quoted in this opinion. A total permanent disability award does not include or cover first stage silicosis and a first stage silicosis award does not constitute an additional award for either permanent partial disability or total permanent disability. The distinction between first stage silicosis and any degree of advanced silicosis is that first stage silicosis is not necessarily disabling but advanced stage silicosis is disabling and is dealt with the same as a disabling injury.

From the foregoing it is clear that notwithstanding the award of total permanent disability previously granted the claimant he may, under the statute and solely because of this exceptional exclusionary provision, obtain an award for first stage silicosis in the amount of one thousand dollars as provided in Section 6a of the statute.

This Court has said in numerous cases that the right to workmen's compensation is wholly statutory, that it is not based on the common law, that the statutes are *sui generis* and controlling, and that the rights, remedies and procedures provided by the statutes are exclusive. See *Oliver v. State Workmen's Compensation Commissioner*, 152 W.

Va. 478, 164 S. E. 2d 582; *Haines* v. *Workmen's Compensation Commissioner,* 151 W. Va. 152, 150 S. E. 2d 883; *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448; *Blevins* v. *State Compensation Commissioner,* 127 W. Va. 481, 33 S. E. 2d 408; *Young* v. *State Compensation Commissioner,* 121 W. Va. 126, 3 S. E. 2d 517. If the exception in favor of a claimant for first stage silicosis should prove sufficiently discriminatory or unsatisfactory to warrant a change or modification of the present applicable statute, such change or modification as stated by the appeal board must be made by the Legislature and not by this Court by any tortuous construction of such statute. Until there is such legislative action this Court must enforce and give effect to the present applicable provisions of the statute.

This Court, therefore, holds that by virtue of the provision "other than first-stage silicosis" in Section 6, Article 4, Chapter 23, Code, 1931, as amended, and the provisions of Section 6a of the same article and chapter dealing with first stage silicosis that "If the employee is suffering from silicosis in the first stage, the employee shall receive one thousand dollars as compensation in full for silicosis that he has sustained as a result of and in the course of his employment," a claimant for compensation for first stage silicosis who has previously been awarded compensation for total permanent disability resulting from injury may also be awarded compensation for first stage silicosis and the award of such compensation, not being an award of compensation for disability, does not constitute an additional award of compensation for permanent disability within the meaning of Section 6 of the statute.

The employer cites and relies upon numerous cases which hold that an employee who has been awarded total permanent disability may not subsequently be granted an additional disability award. In all those cases, however, the claim for additional disability compensation was for personal injuries to the same body area or member or of the same general character as those which had been covered by the prior total permanent disability award and in that

respect those cases are distinguishable from this case and do not control the decision in the instant proceeding. This distinction between this case and the cases cited by the employer clearly appears from the decisions of this Court in *Linville* v. *State Compensation Commissioner*, 112 W. Va. 522, 165 S. E. 803, and in *Oliver* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 478, 164 S. E. 2d 582. In the *Linville* case the claimant had previously received and had been paid compensation for a crushing injury to his right ankle and his subsequent claim for injuries to the same ankle was denied for the reason that he had been paid the maximum statutory allowance for the entire loss of a foot as compensation for his first injury. In the *Oliver* case the claimant had sustained an injury to his leg and had been granted the maximum statutory award for its loss and it was held that he could receive no further award for injury to his leg. No award for silicosis to a claimant who had been awarded permanent disability for an unrelated injury was involved in either case.

The final order of the appeal board reversing the order of the commissioner dismissing the claim for first stage silicosis compensation is affirmed and this claim is remanded to the commissioner for such further proceedings as may be proper in accordance with the views expressed in this opinion.

*Affirmed;*
*claim remanded*
*with directions.*

BROWNING, JUDGE, dissenting:

It is with deference that I dissent from the holding of the Court in this case. It is my opinion that the majority has simplified a complex question by determining that this language of Code, 23-4-6a, "whether or not capacity for work is or has been impaired by such silicosis;" is clear and unambiguous, disregarding all other provisions of the workmen's compensation law, and holding that this claimant is eligible for an award for first stage silicosis even though he is receiving benefits from the fund under a total permanent or life award from a former employer.

All statutory references herein are to the provisions of Chapter 23 of the Code entitled Workmen's Compensation, as amended to the date of this opinion. It is my opinion that the quoted language of Section 6a is rendered ambiguous by other provisions of the chapter and to ascertain its true meaning resort must be had to such.

Prior to 1961 the first paragraph of Section 6a read as follows: "An employee shall, for the purpose hereof, be deemed to have silicosis: (1) In the first stage when it is found by the commissioner that the earliest detectable specific signs of silicosis are present, whether or not capacity for work is or has been impaired by such silicosis; (2) In the second stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is or has been impaired by that disease; (3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs." It will be noted that the pertinent provision with reference to first stage silicosis was not changed by the general revision of the section in 1961. Prior to the amendment there were three stages of silicosis and in the present law which governs the instant case there are only two stages; that is, first stage and advanced stage. By Chapter 131, Acts of the Legislature, Regular Session, 1945, a new section was added to Chapter 23 (designated 23-3-1a), which abolished the workmen's compensation silicosis fund and provided for a transfer of its assets to the workmen's compensation fund provided for in 23-3-1.

At the same session that the two funds were amalgamated Section 1 of Article 4, entitled disability and death benefits, was amended and thereafter contained the following pertinent language: "For the purposes of this chapter the terms 'injury' and 'personal injury' shall be extended to include silicosis and any other occupational disease as hereinafter defined, . . ." Also consistent with such changes is the following language added to 23-4-6a (b): "If the employee is suffering from silicosis in the advanced stage,

the percentage of permanent disability shall be determined by the commissioner in accordance with the facts in the case and with the advice and recommendation of the silicosis medical board. Compensation shall be paid therefor in the same manner and at the same rate as is provided for permanent disability under the provisions of subdivisions (c), (e), (f), (g) and (h) of the preceding section." The reference, of course, is to 23-4-6. That section is titled classification of disability benefits, the initial language of which is as follows: "Where compensation is due an employee under the provisions of this chapter for a personal injury *other than first-stage silicosis,* such compensation shall be provided in the following schedule: . . ." (Italics supplied.) Thereafter follows the language providing for total temporary disability, permanent partial disability, total permanent disability and detailed provisions for specific permanent partial disabilities such as a loss of a foot, an index finger, etc.

It is apparent why payment for first stage silicosis should remain in the same language as before these amendments inasmuch as an employee suffering from such a disease would be entitled to the $1,000 benefit even though his physical condition was not such that he had suffered a specific permanent partial disability. If his condition had advanced beyond first stage, then he would be rated as to permanent partial disability in the same manner as other personal injuries were theretofore and thereafter rated. The italicized language in the majority opinion, "whether or not capacity for work is or has been impaired by such silicosis", as contained in 6a is merely a legislative definition of the condition in the lungs of a claimant and does not within itself require any payment. Reference is made in the majority opinion to what is called the *Elk Creek* case decided by the appeal board in 1956. It will be noted that at that time the statute provided in practically identical language to the present provision relating to first stage silicosis that a claimant suffering from second stage silicosis would be entitled to an award of $2,000. The claimant in that case who was suffering from a personal

injury disability that resulted in a total permanent disability award, applied for and was granted a $2,000 award for second stage silicosis. Upon appeal to the workmen's compensation appeal board, it set aside the silicosis award and wrote an excellent opinion stating its reasons therefor. The following is a partial quote from the appeal board's opinion: "Did the Legislature intend that a silicotic victim, not totally and permanently disabled by reason thereof, should be given *either a first stage or second stage award,* if already otherwise industrially totally and permanently disabled from pursuing his regular employment and who is being paid a life award from the Fund? If so, such intention must be derived wholly from the language used in *Code 23-4-6a.* This Board does not think that language reasonably or necessarily lends itself to such conclusion." (Italics supplied.) The claimant's petition for an appeal from that ruling of the board was unanimously denied by this Court. It is true that the majority opinion attempts to distinguish that case from the instant one upon the ground that a claimant who has no disability may be awarded $1,000 for first stage silicosis whereas a claimant suffering from advanced silicosis is necessarily disabled and is rated like other compensation claimants who have suffered permanent or total disability. But, as heretofore noted, in 1956 the language of the pertinent statute relating to first stage and second stage silicosis was identical except that, for first stage, $1,000 was awarded and, for second stage, $2,000 was awarded but that first stage silicosis did not necessarily require that the capacity for work of the claimant had been impaired.

This Court has consistently held that one of the established rules of construction of statutes is that they shall be rationally construed; that when the language of a statute permits a construction which would lead to an unreasonable result it should be avoided. *State ex rel. Winkler* v. *Co. Ct. of Kanawha County,* 105 W. Va. 589, 148 S. E. 674. The following is a quotation from 17 M. J., Statutes, § 54, (1951):

". . . And it is the court's duty so to construe a statute as to avoid absurd and inconsistent re-

sults, if possible. Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made. If a statute is susceptible of two constructions, that one should be adopted which gives it a sensible operation. So a construction of a statute which makes its meaning intelligible and plain is to be adopted where, when any other meaning is attempted to be given to the statute, the statute becomes inconsistent, confused, and unintelligible.

"*A statute may be construed contrary to its literal meaning when a literal construction would result in an absurdity or inconsistency, and the words are susceptible of another construction which will carry out the manifest intention of the legislature.* The intention of the lawmakers must be gathered from the words used, but unreasonable or absurd results must not be reached by too strict adherence to literal interpretation. Thus, where the language is ambiguous, the courts will give to it that construction which is more reasonable." (Emphasis supplied.)

The decisions in other jurisdictions would appear to be unanimously contra to the holding of the Court in this case. Under the New York statute, severe facial disfigurement is compensable upon the ground that it might deter employers from accepting such a person as an employee. In *Clark* v. *Hayes,* 202 N. Y. S. 453, affirmed 238 N. Y. S. 553, 144 N. E. 888, the New York court held that where an award had been made for total permanent disability under the workmen's compensation law of that state an additional award for facial disfigurement could not be made, the reasoning being that total permanent disability is the maximum award that can be made to a claimant in a workmen's compensation case. The following statement is from the opinion of *Rupert* v. *Todd Shipyards,* 239 F. 2d 273 (9th Cir., 1956):

"As a compensation statute imposing upon the employer liability regardless of fault, the Act should generally be interpreted as providing for an award intended to compensate for loss of earning capacity. Any interpretation permitting an award of compensation for facial disfigurement to

> be super-imposed upon an award for 'permanent total disability' which presupposes a permanent loss of all earning capacity, would run counter to the manifest spirit and purpose of the enactment."

This succinct statement is taken from the opinion of *O'Brian* v. *Albert A. Albrecht Co.*, 206 Mich. 101, 177 N. W. 601: "It must be obvious that a man cannot be more than totally disabled. It should be equally obvious that he cannot receive compensation for more than total disability." It is my opinion that the decisions of this Court of *Linville* v. *Commissioner*, 112 W. Va. 522, 165 S. E. 803, and *Oliver* v. *Commissioner*, 152 W. Va. 478, 164 S. E. 2d 582 (1968) are, in spirit at least in harmony with the decisions of other jurisdictions upon this question.

This is the single syllabus point in the *Linville* case: "Under the Workmen's Compensation Law, where a workman has received as compensation for an injury to his foot the maximum statutory allowance for the total loss of a foot, he is not entitled to further compensation for a subsequent injury to the same foot." The concluding paragraph of the opinion expressing the views of a unanimous court follows: "As the petitioner was paid the maximum statutory allowance for the entire loss of a foot (and the disability therefrom) as compensation for the first injury, the ruling of the commissioner must be affirmed. Otherwise, the petitioner would be compensated twice for the same loss, a sequence not contemplated by the Workmen's Compensation Law." The opinion ends with the citation of cases from other jurisdictions. The decision of the Court in this case is in irreconcilable conflict with the logical reasoning in the *Linville* case as well as that contained in the very recent, 1968, unanimous decision of this Court in the *Oliver* case. The entire hypothesis upon which workmen's compensation laws are predicated is that an injured employee shall receive a monetary payment consistent with the disability, prospective as well as present, which he has suffered. As a corollary to that principle is the postulate that usually, though not always, the award shall be compatible with the loss of earning power of the injured workman. The exception is the specific awards for

particular disabilities as contained in 23-4-6, such as a 45% permanent partial disability award for loss of a leg below the knee. For such an injury the workman is mandatorily entitled to be paid for 180 weeks (4 weeks for each degree of permanent partial disability) at a weekly rate commensurate with his previous earnings or the maximum or minimum rate provided by the Act. The majority would be incensed at the suggestion that they would have directed the commissioner to grant this claimant a 45% award had he lost a leg while employed by this employer in addition to the life award under which he is receiving benefits from an injury received while employed by a former employer. But to so act would be consistent with the decision in this case in my opinion. The man with the amputated limb might after a few weeks return to his former employment and receive the same remuneration as before his injury. The disability and *potential* loss of earning power is evident and it is for that he is paid even though there is no immediate loss of income from employment. Such is just as true of the "injury" (made such by the Act heretofore quoted) of first stage silicosis. The disease of silicosis even in the first stage cannot be detected until nodules appear upon the surface of the lungs and when such "specific signs" appear upon an x-ray film the hazard of immediate or certainly potential disability is very real. The potential loss of earning power is real also for if one so afflicted continues to work in an atmosphere containing silicon dioxide dust in harmful quantities the danger of developing silicosis in the "advanced stage" is manifold. The deteriorating physical effects upon a portion of the body of a workman (lungs) inherent in the disease (or injury) of silicosis is just as real as an amputated finger and comes from his employment. If the language of the Act relating to first stage silicosis might at first glance appear to set it off in a special category different from all other disabilities to which an employee covered by the act is subject, it is my opinion that a review of the provisions of Chapter 23 as they have evolved during the past quarter of a century since silicosis became a compensable disability will not permit such an inordinate appraisal of that language. Why would the

legislature select that one condition of the body, as distinguished from all others, and provide that a workman could be paid therefor even if he had already been awarded compensation for life as being totally disabled from the same fund and thereby impose upon all other applicants for benefits such unequal protection of the law? I do not believe the legislators who participated in the adoption of the pertinent provisions of Chapter 23 had any such intention and that they used no language from which such could be inferred.

I would reverse the order of the workmen's compensation appeal board of September 4, 1968, and direct that the order of the workmen's compensation commissioner of April 24, 1968, be reinstated. I am authorized to state that Judge Calhoun concurs in the views expressed in this opinion.