JAMES BOUNDS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER *and*
RIVERTON COAL COMPANY

(No. 12885)

Submitted January 28, 1970.    Decided February 17, 1970.

*Toney E. Cline,* for appellant.

*Spilman, Thomas, Battle & Klostermeyer, W. Victor Ross,* for appellees.

CALHOUN, JUDGE:

This workmen's compensation case is before the Court on appeal by James Bounds, the claimant, from an order entered on September 10, 1969, by the Workmen's Compensation Appeal Board which affirmed an order entered on June 6, 1969, by the State Workmen's Compensation Commissioner by which the commissioner made a 6% award of permanent partial disability benefits to the claimant for an injury received by him an October 4, 1965,

during the course of and as a result of his employment by the Riverton Coal Company.

The injury received by the claimant consisted of a comminuted fracture of a portion of the distal phalanx and comminuted fracture of a portion of the middle phalanx of the little or fourth finger of the right hand. The injury also caused a traumatic severance of a portion of the distal phalanx of the same finger. The treating physician reduced the fractures and restored the severed portion of the finger by means of sutures. The finger later became infected, as a consequence of which the claimant was admitted to Charleston General Hospital on October 21, 1965, for treatment. He was discharged from the hospital on November 1, 1965.

Upon subsequent medical examination of the injured finger, it was determined that surgical amputation was necessary and consequently on December 13, 1965, the finger was surgically amputated at a point within the middle phalanx. The claimant returned to work on January 24, 1966, after having received payment of temporary total disability benefits for a period of sixteen weeks commencing on the date of the injury.

On June 13, 1966, the commissioner made a 5% award to the claimant for the amputation. That award was protested by the employer on the ground that 4% constituted a correct statutory award for the amputation. The claimant also protested the 5% award on the ground that it did not adequately compensate the claimant for the injury.

On July 1, 1966, the commissioner entered an order by which he set aside the 5% award and made an award of 4% permanent partial disability benefits for the amputation. The record does not disclose that the 4% award was protested either by the claimant or by the employer. A letter to the commissioner dated August 20, 1966, written by the attorney then representing the claimant, stated that the claimant thereby withdrew his protest to the order of the commissioner which made an award of 5% and his subsequent corrective order making an award of

4%, and requested that the attorney's letter be considered "as the above claimant's petition for a permanent partial disability evaluation for injuries over and above the amputation." Following the receipt of this letter, the commissioner, on August 25, 1966, paid the claimant the 4% award, being $42 a week for sixteen weeks, totaling $672, without deducting therefrom any sum for temporary total benefits previously paid to the claimant.

It was apparently agreed among the commissioner and counsel for the respective parties that the 4% award of permanent partial disability benefits was a proper "statutory award" under the provisions of Subsection (d) of Code, 1931, 23-4-6, as amended. This agreement has been further evidenced by the briefs and oral argument of counsel on the appeal of the case to this Court. The correctness of the payment of the 4% award of benefits is not questioned or contested either by the employer or by the claimant.

By a letter dated October 17, 1966, the commissioner advised the claimant that it had been determined that the claimant had suffered a 6% permanent partial disability as a result of his injury sustained on October 4, 1965. The letter contained the following additional language:

"This award is broken down into 4% for the Statutory loss and 2% for the disability over and above the amount allowed by the Statute.

"Our records reveal that you have been paid 16 weeks on a temporary total disability basis; and therefore, since we are required under Chapter 23, Article 4, Section 6, Sub-section (i) to deduct temporary total disability benefits from that portion of your permanent disability award which exceeds the Statutory Award, there will be no further payments under the 2% award, since the amount paid on a temporary disability basis exceeds the amount payable under that portion of your award."

It is not clear from the record whether the disability forming the basis of the 2% award resulted from the

initial traumatic injury, or from the surgical amputation, or from a combination of both.

On June 6, 1969, after a hearing duly held, the commissioner entered an order affirming his ruling dated October 17, 1966, which was in turn affirmed by the appeal board by its order of September 10, 1969, from which appeal board order the case has been appealed to this Court.

It is the contention of the claimant that inasmuch as the present case involves a loss by severance of a portion of the claimant's finger, consequently resulting in an award of benefits on a percentage basis which is expressly fixed by the statute, the commissioner was not warranted in deducting the 2% portion of the award on the basis of the temporary total benefits previously paid. On the other hand, it is contended in behalf of the employer that the commissioner properly paid the claimant the full amount of the 4% "statutory award", but that the commissioner properly held that he was not authorized by the pertinent statute to pay the claimant any sum for the 2% portion of the award for the reason that the claimant previously had been paid temporary total benefits in excess of the amount which would otherwise be due and payable to him for the 2% award.

The question presented for decision involves the provisions of Section 6, Article 4, Chapter 23, Code, 1931, as amended, which were in effect when the claimant received his injury and which provisions continued in effect until a legislative amendment and reenactment of the statute was made in 1969. Our discussion and decision of this question involves certain subdivisions of Section 6 of the statute referred to immediately above.

Subdivision (a) refers generally to the basis of awards of temporary total disability benefits. Subdivision (c) provides for the method of determining and computing awards for permanent disabilities. Subdivision (d) provides for specified, definite percentage awards for various types of injuries, including total or partial "loss by sever-

ance" of the thumb or any of the fingers of either hand. The awards thus fixed and specified by statute are commonly referred to as "statutory awards". The 4% award made to the claimant for the amputation falls within this category. The portion of the statute which is directly involved in this case is Subdivision (i) which, prior to the 1969 amendment, was as follows:

> "Where an injury results in temporary total disability for which compensation is awarded under subdivision (a) of this section and such injury is later determined permanent partial disability under subdivision (c), the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in subdivision (c): Provided further, that in cases where the amount of permanent partial disability is specifically provided for under subdivision (d) of this section, payments made under subdivision (a) shall not be considered as payment of the compensation for such injury."

It has been held repeatedly by this Court that the right to workmen's compensation benefits is based wholly on statutes, in no sense based on the common law; that such statutes are sui generis and controlling; that the rights, remedies and procedures thereby provided are exclusive; that the commissioner is authorized to award and pay benefits and that a claimant is authorized to demand payment of benefits only in such manner and in such amounts as are authorized by applicable statutes. *Cummins* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 781, 786, 166 S. E.2d 562, 565; *Bragg* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 706, 710, 166 S. E.2d 162, 165; *Taylor* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 609, pt. 2 syl., 165 S. E.2d 613; *Oliver* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 478, pt. 1 syl., 164 S. E.2d 582; *Ferguson* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 366, 371, 163 S. E.2d 465, 468; *Bailes* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 210, 212, 161 S. E.2d 261, 263; *Haines* v.

*Workmen's Compensation Commissioner*, 151 W. Va. 152, pt. 1 syl., 150 S. E.2d 883; *Dunlap* v. *State Compensation Director*, 149 W. Va. 266, pt. 2 syl., 140 S. E.2d 448.

In accordance with general principles relating to construction of statutes, it is settled by prior decisions of this Court that when the language of a workmen's compensation statute is clear and unambiguous and the legislative intent is clearly disclosed by such language, it is the duty of the courts to apply such a statute according to the legislative intent therein clearly expressed. *Cummins* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 781, pt. 1 syl., 166 S. E.2d 562; *Bragg* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 706, pt. 1 syl., 166 S. E.2d 162; *Dunlap* v. *State Compensation Director*, 149 W. Va. 266, pt. 1 syl., 140 S. E.2d 448.

We are of the opinion that the language of Subdivision (i) of Section 6 is clear and unambiguous, and that the language embodied in that statutory provision imposes duties upon the commissioner which are mandatory in character. See *State ex rel. Linger* v. *Board of Education of Putnam County*, 152 W. Va. 379, 163 S. E.2d 790. The statute provides in general terms that temporary total disability benefits previously paid to a claimant "shall be" considered as payment of a subsequent award of permanent partial disability benefits; and the statute, by the proviso, creates an exception to the general rule "in cases where the amount of permanent partial disability is specifically provided for under subdivision (d)", that being the subdivision providing for "statutory awards". By the proviso, the statute requires that the previous payment of temporary total disability benefits "shall not" be considered as payment of compensation for any injury resulting in a "statutory award" of benefits under Subdivision (d). The word "shall", in a statute, in the absence of language therein showing a contrary intent on the part of the legislature, "should be afforded a mandatory connotation." *Terry* v. *Sencindiver*, 153 W. Va. 651, pt. 2 syl., 171 S. E.2d 480. The legislature has elected not to extend the proviso so as to embrace, in this case, the permanent

partial disability award granted for the additional disability which resulted to the claimant from the injury which gave rise to the statutory award.

The function, right and prerogative of the Court in this case is merely to apply the statute as it was enacted, in accordance with the legislative intent therein clearly expressed. We are of the opinion that the commissioner and the appeal board properly applied the statute in this case.

As an additional assignment of error, it is asserted in behalf of the claimant that the award of 2% made by the commissioner and approved by the appeal board is not sufficient to compensate the claimant for his disability, in addition to the amputation, which resulted from the injury. There was a variance in the medical evidence of the several medical examiners in relation to the nature and extent of disability, in addition to the amputation, which was caused to the claimant by the injury. We are required by Section 4a, Article 5, Chapter 23, Code, 1931, as amended, to accord to the findings of fact of the appeal board "like weight to that accorded to the findings of fact of a trial chancellor or judge in equity procedure." This Court has repeatedly held that it is not warranted in reversing a finding of fact made by the appeal board unless it appears from the proof on which the appeal board acted that the finding is plainly wrong. *Dunlap* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 359, 163 S. E.2d 605; *Taylor* v. *Workmen's Compensation Commissioner*, 151 W. Va. 409, 412, 151 S. E.2d 283, 285. We are of the opinion that the findings of fact of the appeal board in relation to the 2% portion of the award are warranted and that such findings are not clearly wrong.

For reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board entered on September 10, 1969, is affirmed.

*Affirmed.*