HENRY PETREY

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and*
BISHOP COAL COMPANY

(No. 13053)

Submitted April 27, 1971.          Decided May 11, 1971.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler,*
for appellant.

*R. L. Theibert,* for appellees.

CALHOUN, JUDGE:

This case is before the Court upon an appeal by the employer, Bishop Coal Company, from an order of the Workmen's Compensation Appeal Board, entered on November 25, 1970, affirming an order entered by the State Workmen's Compensation Commissioner on April 15, 1970, granting the claimant, Henry Petrey, an award of $1,000 for first stage silicosis in addition to a prior award of total permanent disability benefits.

The facts of the case are undisputed. The primary question presented for decision is whether the commissioner was justified in granting the claimant an award of benefits in the sum of $1,000 for silicosis in the first stage based upon the medical evidence presented.

The claimant was employed by Bishop Coal Company as a mining motorman from August 22, 1962, until he sustained a compensable injury on July 17, 1967. He was granted a total permanent disability award for the injury thus sustained.

On August 16, 1969, the claimant filed a claim for silicosis benefits. By an order entered on December 5, 1969, the commissioner made certain nonmedical findings and referred the claim to the Occupational Pneumoconiosis Board for review and evaluation. No protest to this order was made by either party. The board, after examining the claimant, found and reported that he was "suffering from an advanced stage of silicosis with 20% impairment of his capacity to work due to the disease." The only medical evidence presented in relation to the claim for silicosis benefits was the report of the members of the Occupational Pneumoconiosis Board.

The findings of the board reveal that the X-rays made of the claimant show "an occasional small fine granular nodule scattered throughout the lung fields with increased peribronchial fibrosis throughout."

In addition to its clinical examination and X-ray findings, the board also considered the results of the

pulmonary function studies. These studies revealed that the claimant's maximum breathing capacity, the measurement of the amount of air an individual can move at maximum effort in a given amount of time, represented 93 percent of the predicted normal for the claimant. Moreover, these pulmonary function studies disclosed that the claimant's vital capacity, the amount of air the lungs will hold at maximum inspiration, was 78 percent of predicted normal.

According to the board's findings, the claimant's medical history and medical records revealed that the claimant had been employed for about thirty years "in an atmosphere containing silicon dioxide in sufficient quantity to have produced the disease silicosis or to have perceptibly aggravated the pre-existent silicosis and this harmful exposure continued up to within the statutory period of time"; that the claimant had been short of breath about 20 years; that he suffers from occasional wheezing and bilateral anterior chest pain; and that he has a mild chronic cough.

No objections to the report and findings of the Occupational Pneumoconiosis Board were filed. By an order entered on April 15, 1970, the commissioner ordered and directed "that the * * * findings of the Occupational Pneumoconiosis Board be and the same are hereby set aside, vacated and annulled, and the claimant be and he hereby is granted compensation in the amount of $1,000 for silicosis in the first stage, * * *."

Upon an appeal by the employer to the Workmen's Compensation Appeal Board, the appeal board affirmed the action taken by the commissioner. Despite certain factual inaccuracies stated in the appeal board's written opinion, the appeal board concluded that, based upon the evidence, the commissioner was "within his right" in granting the claimant a $1,000 award for silicosis in the first stage.

Counsel for the appellant, Bishop Coal Company, contends that the order of the commissioner and the findings

of the appeal board are not supported by the evidence; that the undisputed medical evidence shows clearly that the claimant suffers from an advanced stage of silicosis; and that neither the commissioner nor the appeal board can arbitrarily reduce the findings of the Occupational Pneumoconiosis Board from "an advanced stage of silicosis" and a finding of twenty percent disability to an award of first stage silicosis benefits so that a claimant, who has previously been granted a total permanent disability award, shall be entitled to an additional $1,000 in conformity with the second point of the syllabus of *Cummins* v. *State Workmen's Compensation Commissioner,* 152 W.Va. 781, 166 S.E.2d 562.

Counsel for the claimant maintains that the findings of the Occupational Pneumoconiosis Board are "minimal" and show that the claimant suffers only from silicosis in the first stage; that the appeal board acted properly in affirming the action of the commissioner in granting an award for first stage silicosis; and that the claimant is entitled to receive an award of first stage silicosis benefits in addition to the total permanent disability award previously granted.

In *Cummins* v. *State Workmen's Compensation Commissioner,* 152 W.Va. 781, 166 S.E.2d 562, this Court held that a claimant who seeks compensation for silicosis and who has previously been awarded compensation for total permanent disability resulting from injury may also be awarded compensation for silicosis in the first stage. The *Cummins* case recognized an exception to the general rule that a claimant can be awarded no benefits in addition to or in excess of an award of benefits for total permanent disability. The exception relates only to an additional award of benefits for silicosis in the first stage. The question to be decided on this appeal, therefore, is whether the medical evidence supports a finding by the appeal board of silicosis in the first stage.

It is established by many prior decisions of this Court that the Workmen's Compensation Appeal Board is a

fact-finding body and that its decisions based upon questions of fact will not be reversed or set aside on appeal unless clearly wrong. *Ward* v. *State Workmen's Compensation Commissioner,* 154 W.Va. 454, 176 S.E.2d 592; *Pennington* v. *State Workmen's Compensation Commissioner,* 154 W.Va. 378, 175 S.E.2d 440; *Burr* v. *State Compensation Commissioner,* 148 W.Va. 17, pt. 4 syl., 132 S.E.2d 636. It is also a well-established principle of law that an order of the appeal board which is not supported by the evidence and which for that reason is clearly wrong, will be reversed by this Court on appeal. *Dunlap* v. *State Workmen's Compensation Commissioner,* 154 W.Va. 539, 177 S.E.2d 35; *Staubs* v. *State Workmen's Compensation Commissioner,* 153 W.Va. 337, 168 S.E.2d 730; *Deverick* v. *State Compensation Director,* 150 W.Va. 145, pt. 4 syl., 144 S.E.2d 498. We are of the opinion that the order of the commissioner, affirmed by the appeal board, is not supported by the evidence; that in this respect it is clearly wrong; and that, therefore, the order of the appeal board must be reversed.

Code, 1931, 23-4-6a, as amended, prior to its amendment by Chapter 152, Acts of the Legislature, Regular Session, 1969, the form of that statute which is applicable to this case, was as follows:

"An employee shall, for the purpose hereof, be deemed to have silicosis: (1) In the first stage when it is found by the commissioner that the *earliest detectable specific signs of silicosis are present,* whether or not capacity for work is or has been impaired by such silicosis; (2) in the advanced stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is or has been impaired by that disease." (Italics supplied.)

The specific question presented for decision, therefore, is whether the commissioner and the appeal board were justified by the evidence in making an award of benefits for silicosis in the first stage. This, in turn, requires a

consideration of the report submitted by the Occupational Pneumoconiosis Board. There was no other evidence before the commissioner. That report includes a clear and a specific finding that the claimant, at the time the report was made and submitted, was suffering from "an advanced stage of silicosis with 20% impairment of capacity to work due to the disease." The report contains the following additional statement: "It is the opinion of the Board that his capacity to work has been impaired to the extent of 20% by the disease silicosis." The report embodies additional medical and factual findings tending to support the conclusions embodied in the portions of the report which have been quoted immediately above.

The report of the Occupational Pneumoconiosis Board clearly fails to sustain a finding of silicosis in the first stage, which, under the statutory definition, would necessitate a finding that only "the earliest detectable specific signs of silicosis are present."

The order of the commissioner does not disclose by what process of reasoning or by what process of analysis of the medical evidence he arrived at a finding of silicosis in the first stage. It is true that it is the prerogative of the commissioner, rather than of physicians, to fix and determine the degree or percentage of disability of a claimant. *Sisk* v. *State Workmen's Compensation Commissioner*, 153 W.Va. 461, pt. 2 syl., 170 S.E.2d 20; *Haines* v. *Workmen's Compensation Commissioner*, 151 W.Va. 152, pt. 2 syl., 150 S.E.2d 883. This principle has been applied primarily in relation to the question of the percentage of disability resulting to a claimant from a compensable injury. This legal proposition does not afford any basis of authority on the part of the commissioner to disregard evidence of physicians or to make a finding palpably at variance with medical evidence submitted to him, particularly in a case, such as this, in which the only competent evidence submitted to the commissioner consists of the evidence of physicians.

Under the provisions of Code, 1931, 23-4-8c, as amended, if no timely objection is made to the report and findings of the Occupational Pneumoconiosis Board, or of a majority of its members, "its findings and conclusions on any medical question shall be taken to be plenary and conclusive evidence of the findings and conclusions therein stated." *Ferguson* v. *State Workmen's Compensation Commissioner,* 152 W.Va. 366, pt. 1 syl., 163 S.E.2d 465.

In relation to the report of the Occupational Pneumoconiosis Board, the commissioner's order from which the appeal was taken by the employer, contains the following language: "it is further ordered and directed that the aforesaid findings of the Occupational Pneumoconiosis Board be and the same are *hereby set aside, vacated and annulled,* and the claimant be and he hereby is granted compensation in the amount of $1,000 for silicosis in the first stage, * * *." (Italics supplied.) We are not aware of any source of authority in the commissioner to set aside, vacate and annul such a report to which no objection has been made. Even if the commissioner had such authority, we are at a loss to comprehend upon what evidence the commissioner could have made a finding of silicosis in the first stage unless upon the basis of that report.

The opinion of the appeal board states that the commissioner, by his order of April 15, 1970, "granted the claimant a 20% disability award for silicosis based on the findings of the Occupational Pneumoconiosis Board." This is an obvious misstatement of fact. The opinion of the appeal board concludes with the statement that "this Board is of the opinion that the Commissioner was within his right in granting the claimant a $1,000 award for silicosis in the first stage and, therefore, the Commissioner's order of April 15, 1970, is hereby affirmed." The opinion of the appeal board does not discuss or specifically undertake to evaluate the evidence. It makes no specific findings of fact.

For reasons previously stated, we are of the opinion that the order of the commissioner and the order of the appeal

board are contrary to the evidence, unsupported by the evidence and clearly wrong. The order of the Workmen's Compensation Appeal Board entered on November 25, 1970, is therefore reversed and the claim for silicosis benefits is denied. The decision of this Court will be certified to the appeal board and to the commissioner.

*Reversed.*