DONALD RAY PERTEE

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

UNITED STATES STEEL CORPORATION

(No. 13322)

Submitted May 1, 1973.          Decided June 19, 1973.

*Campbell, Love, Woodroe & Kizer, George W. S. Grove, Jr.,* for appellant.

*W. H. Ballard, II,* for appellees.

NEELY, JUDGE:

This is an appeal by the United States Steel Corporation from a final order of the Workmen's Compensation

Appeal Board, entered on November 29, 1972, which held that the claimant, Donald Ray Pertee, received compensable hernias on December 3, 1969 and May 13, 1970.

The Workmen's Compensation Commissioner assigned claim No. 70-29161 to the alleged injury of December 3, 1969, and claim No. 70-49629 to the alleged injury of May 13, 1970. By order entered March 17, 1971, the commissioner held the second injury non-compensable and by another order entered March 18, 1971, he held the first injury compensable. The employer protested the March 18th order and the claimant protested the March 17th order. After hearings the commissioner entered a final order on January 15, 1972, bearing both claim numbers, whereby he held both injuries compensable. The employer appealed and the appeal board affirmed the commissioner's ruling of January 15, 1972.

In this appeal the appellant maintains that the claimant failed to prove that he received the second injury on May 13, 1970 and, that the evidence in relation to the May 13th injury does not satisfy the requirements established in Chapter 23, Article 4, Section 2 of the *Code of West Virginia,* 1931, as amended, for proving a compensable hernia. The employer did not contest that part of the commissioner's order of January 15, 1972, which held that the claimant received a compensable hernia on December 3, 1969, under claim No. 70-29161. However, because both claims were consolidated, it was necessary to appeal the consolidated order to the appeal board. The board's order of November 29, 1972, bears only claim No. 70-29161 which relates to the injury of December 3, 1969, but the "opinion of the board" which accompanied its order, expressly held that the alleged hernia of May 13, 1970, was also compensable. The sole issue on this appeal is whether the appeal board was clearly wrong in ruling that the injury of May 13, 1970 is compensable.

Before his employment with the United States Steel Corporation on July 25, 1969, the claimant had undergone

surgery for hernia repair on four separate occasions, and had received workmen's compensation benefits on three of those occasions. The first hernia incident occurred at age seventeen in November 1957, when the claimant lifted a bag of feed while working for McCoy's Cash Grocery in McDowell County. Surgery was performed at Grace Hospital in Welch and benefits were paid under claim No. 58-21560.

Claimant entered the Marine Corps in 1959 and received another hernia while in basic training in January 1960. He had surgery in a naval hospital.

The next hernia occurred on November 14, 1962, while claimant was employed by Jackson Drilling Company. He again received surgery at Grace Hospital under claim No. 63-15897.

On March 20, 1965, while working for C. E. Rickner Drilling Contractor, claimant reported another groin injury. He had surgery at Welch Emergency Hospital and benefits were paid under claim No. 65-31064. Claimant lost four months work.

On December 3, 1969, while in the employ of appellant United States Steel Corporation, claimant assisted foreman Jesse Williams in loading a thirty-gallon drum of oil onto a shuttle car, and shortly thereafter told Williams that he believed he had strained himself. Williams thought he was referring to a minor back strain, so he acquiesced in claimant's request that no accident report be made. Claimant later explained that he knew he would be required to undergo another hernia operation, and that he did not wish to be in the hospital during Christmas. He continued working through December 22, 1969, and on that day reported the injury to the mine superintendent. Claimant was thereafter admitted to Doctors' Memorial Hospital on December 28, 1969, and the hernia repair was done on the following day by Dr. Ray E. Burger.

After the surgery Dr. Burger authorized claimant to return to work on February 16, 1970 and the claimant

brought his work slip to the company doctor, Dr. J. H. Murry, on February 13, 1970. The claimant complained to Dr. Murry of continuing soreness and Dr. Murry agreed to another three weeks of rest. On March 9, 1970 claimant returned to work. Claimant continued to complain of soreness and discomfort.

After his return to work, claimant continued to see Dr. Murry and complained on March 11th of irritation of the hernia scar. Dr. Murry advised warm soak, and sent him to the hospital for evaluation. On March 15th Dr. Murry thought the scar area was still irritated, and on March 18th he sent claimant back to Doctors' Memorial Hospital for evaluation because of possible post-operative indirect hernia. That was the last time that Dr. Murry saw the claimant until after the alleged injury of May 13, 1970.

At the hearing claimant testified that on May 13th he was moving mine cable and became sore with swelling and redness. He testified he had a small knot in the upper portion of the hernia scar. He tried to see Dr. Murry on May 14th, but found him unavailable and returned on May 15th. Thereupon Dr. Murry made a report to the Department of Welfare indicating that the claimant had a hernia, and on oral examination at the hearing Dr. Murry testified that on May 15th he had tentatively diagnosed post-operative recurrent hernia.

This case is governed by *Code*, 23-4-7 as it was written May 13, 1970, the date of the alleged injury. The *Code* section at the time of the injury controls. *Lancaster v. State Compensation Commissioner*, 125 W.Va. 190, 23 S.E.2d 601 (1942). At the time of the accident *Code*, 23-4-7 said:

> "In all claims for compensation for hernia resulting from personal injury received in the course of and resulting from the employee's employment, it must be definitely proven to the satisfaction of the commissioner: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia

immediately followed an injury; fifth, that the hernia did not exist prior to the injury for which compensation is claimed. All hernia, inguinal, femoral or otherwise, so proven to be the result of an injury received in the course of and resulting from the employment, shall be treated in a surgical manner by radical operation. If death results from such operation, the death shall be considered as a result of the injury, and compensation paid in accordance with the provisions of section ten [§ 23-4-10] of this article. In nonfatal cases, time loss only shall be paid, unless it is shown by special examination that the injured employee has a permanent partial disability resulting after the operation. If so, compensation shall be paid in accordance with the provisions in section six [§ 23-4-6] of this article with reference to permanent partial disability. In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensation will be allowed during the time such refusal continues. If, however, it is shown that the employee has some chronic disease, or is otherwise in such physical condition that it is considered unsafe for him to undergo such operation, he shall be paid as provided in section six."

There are five elements necessary to prove a compensable hernia under this statute. We hold that the appeal board was not clearly wrong in determining that the claimant sustained the entire burden of proof.

With regard to the first element both Dr. J. H. Murry and Dr. Jorge Ribeiro testified that the claimant had all the symptoms of a hernia after the May 13th incident. On direct examination Dr. Murry indicated that he was not sure that the claimant had a new hernia; however, he testified that on May 15th he diagnosed the claimant's condition tentatively as a post-operative recurrent hernia. Dr. Ribeiro testified that the claimant's symptoms were caused either by a new hernia or by complications arising from a failure of the December 29th surgery. This evidence is sufficient to fulfill the first requirement that there be an injury resulting in hernia, and any conflict

in the testimony could have been resolved in favor of the claimant. Claimant's symptoms after May 13th clearly indicate a hernia condition.

To sustain the second element of proof, the claimant testified that a knot in the upper portion of his surgical scar appeared suddenly on May 13, 1970 and that the knot was accompanied by swelling and redness. This testimony was corroborated by the testimony of a fellow employee, Douglas Dial, who testified that the claimant informed him on May 13th that he thought that he had injured himself again while he was dragging a mine cable. Mr. Dial testified further that the claimant informed the foreman of this injury; however, the foreman testified that he was on vacation on May 13th. This conflict in the testimony could have been resolved in favor of the claimant. The employer failed to introduce evidence to disprove the claimant's assertion that the May 13th hernia appeared suddenly. The evidence regarding the sudden appearance of hernia symptoms is sufficient for the commissioner to conclude that the second element of Code, 23-4-7 was fulfilled, under the rule that in a workmen's compensation case the testimony of the injured employee is admissible and is entitled such weight as is assigned by the fact finder. 100 C.J.S. Workmen's Compensation § 534, see, Willie Ball v. Workmen's Compensation Commissioner, 156 W.Va. 419, 194 S.E.2d 229 (1973); Pennington v. State Workmen's Compensation Commissioner, 154 W.Va. 378, 175 S.E.2d 440, (1970).

The third and fourth elements of Code, 23-4-7, which require that the injury be accompanied by pain and that the hernia follow immediately from an injury, were satisfied by the claimant's and Douglas Dial's testimony that the symptoms first arose after the claimant moved the mine cable. Furthermore, the testimony of the two doctors indicates that the claimant has a serious and painful condition.

The fifth element of Code, 23-4-7 which requires that the hernia not exist prior to the injury, was also satisfied

under the evidence in this case. The claimant underwent surgery on December 29th for the hernia which occurred on December 3d. He was released for work by Dr. Burger, the surgeon in the December 29th operation, on February 16, 1970. Dr. Burger was satisfied that the hernia was properly repaired. Dr. Murry, the appellant's company doctor, agreed with the claimant that additional rest would be appropriate before claimant's return to work. Thereafter, on March 9, 1970, the claimant returned to work with the implicit recognition by Dr. Murry that the claimant had fully recovered from the December 29th surgery. There was no suggestion at this time by either Dr. Burger or Dr. Murry that the December 29th surgery was not a complete success.

After the claimant's injury on May 13th, Dr. Ribeiro and Dr. Murry examined the claimant and, as a result of these examinations, they tentatively concluded that the claimant's symptoms following May 13th may have been a continuation of the compensable hernia of December 3d. These medical opinions conflict with the explicit and implicit conclusions of Dr. Burger and Dr. Murray when the claimant was released for work following the December 29th surgery. Both the commissioner and the appeal board, however, evidently resolved this conflict of evidence in favor of the claimant and this Court cannot conclude that the commissioner's and the board's determination is clearly wrong, or that there was insufficient evidence to support this conclusion. *Ramsey v. State Workmen's Compensation Commissioner*, 153 W.Va. 849, 173 S.E.2d 88 (1970); *Bounds v. State Workmen's Compensation Commissioner*, 153 W.Va. 670, 172 S.E.2d 379 (1970).

The appeal board, as well as the commissioner, could reasonably infer that work related episodes precipitated hernias for this claimant although they might not have precipitated such hernias for a normal person. "A decision of the Workmen's Compensation Commissioner, from the evidence before him, and which has been affirmed by the Workmen's Compensation Appeal Board, will not be

disturbed by this Court on appeal, if it is supported by any reasonable appraisal of the evidence." *Dombrosky v. State Compensation Director,* 149 W.Va. 343, 141 S.E.2d 85 (1965); *Stevely v. Compensation Commissioner,* 125 W.Va. 308, 24 S.E.2d 95 (1943).

Accordingly the ruling of the Workmen's Compensation Appeal Board is affirmed.

*Affirmed.*